

019-012

Exhibit 19                    ER 1010



020-001

Exhibit 20                    ER 1011



Exhibit 20

ER 1012

020-002



020-003

Exhibit 20                    ER 1013



**Exhibit 20**     **ER 1014**

020-004

**DIAGRAM/SKETCH**

PAGE __/__ OF __/__

| GENERAL INFORMATION | REFERENCE |
|---|---|

DATE 5/4/13

CASE ID 346-PX-2716500

LOCATION 7158 E. Sandia Cir, Mesa, AZ 85207

PREPARER/ASSISTANTS Adam Nixon

SCALE or DISCLAIMER
COMPASS ORIENTATION
EVIDENCE
FIXED OBJECTS
MEASUREMENTS
KEY/LEGEND

N

✳ NOT TO SCALE



029-001

Exhibit 29      ER 1015



**CUSTOMER'S RECEIPT**

UNITED STATES POSTAL SERVICE

KEEP THIS RECEIPT FOR YOUR RECORDS

SEE BACK OF THIS RECEIPT FOR IMPORTANT CLAIM INFORMATION

**NOT NEGOTIABLE**

02543750594    2001-01-04    752051    $15.00    002

**POSTAL MONEY ORDER**

UNITED STATES POSTAL SERVICE

02543750594    2001-01-04    752051    $15.00¢

**FIFTEEN DOLLARS & 00**

NEGOTIABLE ONLY IN THE U.S. AND POSSESSIONS

002

⑆000000000⑆:    02543750594⑈



**Exhibit 105**







Case: 15-10322, 04/05/2016, ID: 9928428, DktEntry: 19-6, Page 9 of 108

THE FRONT OF THE DOCUMENT HAS A MICRO-PRINT AMOUNT BOX AND THERMOCHROMIC. ABSENCE OF THESE FEATURES WILL INDICATE A COPY.
ISSUING AGENT
75-53 / 919

R 2008758031299

WAL★MART

MoneyGram. Money Orders
INTERNATIONAL MONEY ORDER

07/24/2008
20087580312
MONEY ORDER
PAY ONLY THIS AMOUNT
**$585.00
FIVE HUNDRED EIGHTY FIVE DOLLARS AND 00 CENTS***

PAY TO THE ORDER OF:/ PAGAR A LA ORDEN DE:
IMPORTANT - SEE BACK BEFORE CASHING

PURCHASER, SIGNER FOR DRAWER / COMPRADOR, FIRMA DEL LIBRADOR
PURCHASER, BY SIGNING YOU AGREE TO THE SERVICE CHARGE AND OTHER TERMS ON THE REVERSE SIDE

ADDRESS:/ DIRECCION:

Payable Through
WF National Bank
South Central
Faribault, MN

ISSUER/DRAWER:
MONEYGRAM PAYMENT SYSTEMS, INC.

60528276642766
12798001971167312
TO AUTHENTICATE RUB CIRCLE
PARA AUTENTICAR RESTREGAR EL CIRCULO

⑆091900533⑆ 2008 75803129⑈ 90

http://www.howdonkey.com/pics/30/fill-out-a-moneygram-money-order.jpg

1/22/2015

Exhibit 105

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| United States of America, | ) | No. CR-14-00184-01-PHX-NVW |
| | ) | |
| Plaintiff, | ) | **ORDER** |
| | ) | |
| vs. | ) | |
| | ) | |
| | ) | |
| Gordon Leroy Hall, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

     Defendant Gordon Leroy Hall has sent to the Clerk of the Court two documents, both seeking dismissal of this action. Both are groundless. However, Defendant is represented by counsel and may not file court papers on his own.

     IT IS THEREFORE ORDERED that the Clerk not file the two papers submitted by Defendant and that the Clerk mail the originals to Defendant's counsel of record.

     DATED this 10th day of April, 2015.

_____
Neil V. Wake
United States District Judge

NOTICE

Registered Agent,
Gordon LeRoy Hall
CCA, P.O. Box 6300
Florence, Arizona

THIS DOCUMENT IS NOT IN PROPER FORM ACCORDING
TO FEDERAL AND/OR LOCAL RULES AND PRACTICES
AND IS SUBJECT TO REJECTION BY THE COURT.

REFERENCE ___LR CV 5-4___
(Rule Number/Section)

21 April 2015

Clerk of Court/Appointed Trustee
United States District Court
401 W. Washington St., SPC-1
Phoenix, Arizona 85003-2118

FILED ___ LODGED ___
RECEIVED ___ COPY ___

APR 27 2015

CLERK U S DISTRICT COURT
DISTRICT OF ARIZONA
BY _____ DEPUTY

RE: Possible Misguided Forwarding of Documents
Case: 2:14-CR-00184-NVW

Dear Clerk of Court/Appointed Trustee:

It seems that my efforts to return the property in good faith pursuant to Title 12 USC 95 a(2) and Title 50 USC, Appendix §1-44 are possibly misguided. I do not intend to shirk my personal responsibilities as the registered agent with the duty to forward the property and all legal process to or for the account of the United States. Forgive me!

I am requesting your assistance to remedy (if needed) immediately any error, either by allowing me to send someone to pick up the documents possibly mistakenly received by the

Page 1 of ___

by the court, or I am willing to compensate you or the party responding for time and expense to forward the property to the owner-operator of the account made to the governor of the State of California the executive head of the state owned defendant entity known as GORDON LEROY HALL.

Please respond forthwith to the undersigned as to your choice in the matter.

If you fail to respond in writing to the under-signed registered agent I will accept your silence as an agreement between the parties that my good faith effort to fulfill my personal responsibilities in the capacity of registered agent for the defendant have been executed by you in my behalf by forwarding said documents and process to the appropriate administrative official to resolve the matter in priority with Title 12 USC 95a(2) and Title 50 USC, Appendix §1-44. Said official in my present understanding being the Governor of the State of California being the administrative head of the State owned defendant GORDON LEROY HALL.

Respectfully,

By: _Gordon Leroy Hall_

REGISTERED AGENT

cc: Honorable, Neil V. Wake.

Page 2 of 2

2:14-CR-00184

ER 1022

AFFIDAVIT OF SERVICE

Pinal County } affirmed and Subscribed
Arizona State }

It is hereby certified that on the 23 day of
April 2015, the Undersigned mailed to:

ORIGINAL:                          COPY:

Clerk of Court/Appointed Trustee   Honorable Neal V. Wake
United States District Court       U.S. District Court
401 W. Washington St., SPC-1       401 W. Washington St., SPC-1
Phoenix, Arizona 85003             Phoenix, Arizona 85003

hereinafter "Recipients" the documents and sundry papers
regarding Case: 2:14-cr-00184 as follows:
    1. Notice letter regarding possible misguided
       forwarding of documents (2 pages), dated 21 April 2015

A total of three (3) pages including this AFFIDAVIT OF
SERVICE by placing into a mail receptacle at CCA
Florence Arizona properly addressed to Recipients above.
    I, Benton Tyler Thomas, certify under penalty
of perjury under the laws of the United States of
America the foregoing is true and correct.

                          Benton Tyler Thomas
                          1155 N. Pinal Parkway
                          Florence, Arizona          ER 1023

1 STEPHEN C. KUNKLE, PLLC
Stephen C. Kunkle, Attorney at Law
2 5150 North 16th Street, Suite A-222
Phoenix, AZ 85020
3 AZ State Bar # 016239
Tel: 602.266.6900
4 Fax: 602.256.1121
E-mail: Kunkle@msn.com
5 ATTORNEY FOR DEFENDANT Gordon Hall

6 ## UNITED STATES DISTRICT COURT

7 ## DISTRICT OF ARIZONA

8

9 UNITED STATES OF AMERICA,   ) Case No:CR14-184-PHX-NVW (MHB)
)
10      Plaintiff,   ) **MOTION TO CONTINUE**
) **SENTENCING**
11   vs.   )
)
12 Gordon Leroy Hall et al,   ) **(Second request)**
)
13      Defendant   ) *Defendant in custody*

14      Comes now the defendant, GORDON LEROY HALL, by and through

15 undersigned counsel, STEPHEN C. KUNKLE, and respectfully requests that this

16 Court grant a brief continuance of the sentencing set for next week, June 15, 2015,

17 in the above-captioned matter for the following reasons, and reset the sentencing, if

18 possible, in for another 30 days, allowing for the Court's and the Government's

19 counsel's respective trial schedules, if practicable, for the following reasons set

20 forth herein.

21      This motion is based on the following circumstances and reasons.

22      It is not expected that excludable delay under Title 18 U.S.C.

23 §3161(h)(1)(A) and (F) will occur as a result of this motion or from an order based

24 thereon.

25

ER 1024

As of this writing, and unfortunately rather late in the process, the pre-sentence report has never been reviewed with Mr. Hall by this counsel. At the time of the first motion to continue sentencing, and because of counsel's scheduling issues having undertaken employment at the Maricopa County Office of the Legal Advocate, that had not been done. However, since that time, counsel has endeavored to visit twice with Mr. Hall. Nonetheless, Mr. Hall has not yet reviewed the pre-sentence report.

In short, the attorney-client relationship, such as it may exist on any level between this counsel and Mr. Hall has ceased to exist. Without revealing too much in a public record, it is sufficient to note that the second visit (this week) lasted approximately 15 to 20 minutes and accomplished absolutely nothing, unless the statements made by Mr. Hall to this attorney have some value for his agenda.

Concomitantly with this motion, counsel believes he must move this court to withdraw as counsel, as representing Mr. Hall has become somewhat a game of charades.

This counsel is also aware that he may not be relieved of his duties, and would also respectfully request that this Court allow additional time, as necessary, for counsel to undertake representation of Mr. Hall *without his cooperation* and grant an additional period of time for this counsel to do that representation, and make objections to the pre-sentence report without any input or consultation that involves Mr. Hall.

Either way, this counsel is unprepared to go forward with sentencing Mr. Hall on Monday, June 15, 2015, and would also respectfully request that the time allotted for sentencing now, be dedicated to hearing a motion to withdraw.

Undersigned counsel has conferred with the assigned Assistant United States Attorney, Lisa Jennis, who has stated that she has no objection to a continuance of the sentencing in this matter.

ER 1025

The remaining co-defendant (Brandon Adams) has pleaded guilty and is awaiting sentencing.

Mr. Hall is currently serving a sentence in a South Carolina matter of fifteen years, and thus, there is little prejudice to him should the court grant this continuance.

And, provided that the Court grants this motion to continue, it is also respectfully requested that the time period for filing formal objections, if any, to the draft pre-sentence report be extended for a commensurate period of time. In anticipation of any possible objections, counsel undersigned has alerted the assigned United States Probation Officer of this issue; she will also receive a courtesy copy of this motion.

WHEREFORE, the defendant respectfully requests that this Court grant a continuance of the sentencing to allow for resolution, if any, of the attorney-client issues bedeviling the relationship at this time, and also allow an additional period of time for the making of any formal objections to the pre-sentence report, allowing for due diligence and the schedule of the court and the parties.

RESPECTFULLY SUBMITTED
Dated this 11th day of June 2015

By:     */s/Stephen C. Kunkle*
          Stephen C. Kunkle
          Attorney for Defendant

ER 1026

I hereby certify that on June 11th 2015, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF system for filing and transmittal of Notice of Electronic Filing to the following CM/ECF registrants:

The Honorable Neil V. Wake
United States District Court Judge

Clerk of Court
United State District Court

And additional copies to:

Lisa Jennis
Assistant United States Attorney
40 North Central Avenue
Phoenix, AZ 85004

Tey'a Chappell
United States Probation Officer

ER 1027

# UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) Case No.: CR14-184-PHX-NVW (MHB) |
| Plaintiff, | ) |
| | ) **ORDER (PROPOSED)** |
| vs. | ) |
| GORDON LEROY HALL et al, | ) |
| Defendant | ) |

WHEREFORE, the defendant GORDON LEROY HALL, having filed a Motion to Continue the Sentencing currently set for June 15, 2015 and without objection from the Government,

IT IS ORDERED that sentencing in this matter is continued to _____2015.

IT IS FURTHER ORDERED that objections, if any, to the draft pre-sentence report be filed by _____2015.

Dated this _____ day of June 2015.

_____
Hon. Neil V. Wake
U.S. District Court Judge

ER 1028

STEPHEN C. KUNKLE, PLLC
Stephen C. Kunkle, Attorney at Law
5150 North 16th Street, Suite A-222
Phoenix, AZ 85020
AZ State Bar # 016239
Tel: 602.266.6900
Fax: 602.256.1121
E-mail: Kunkle@msn.com
ATTORNEY FOR DEFENDANT Gordon Hall

# UNITED STATES DISTRICT COURT

# DISTRICT OF ARIZONA

UNITED STATES OF AMERICA,

       Plaintiff,

  vs.

GORDON LEROY HALL et al,

       Defendant

Case No:CR14-184-PHX-NVW (MHB)

**MOTION TO WITHDRAW AS COUNSEL**

Comes now undersigned counsel, STEPHEN C. KUNKLE, and respectfully requests that this Court permit undersigned counsel to withdraw from further representation of the defendant Gordon Leroy Hall for the reasons set forth herein.

Counsel understands his obligations to this Court, and to his client, Mr. Hall, but is also conflicted because his representation of Mr. Hall has degenerated into the abyss of non-existence as productive communication with Mr. Hall has ceased.

Counsel further submits that should he continue to represent Mr. Hall while laboring within the construct of the current relationship, which is no relationship at all, that counsel would be committing numerous ethical violations, including but not limited to ER 1.1 (*Competence*); ER1.4 (*Communication*); ER1.14 (*Client with*

ER 1029

*Diminished Capacity*); ER1.16 (*Declining or Terminating Representation*);  ER3.1 (*Meritorious Claims and Contentions*); ER 3.5 (*Impartiality and Decorum of the Tribunal*); ER 6.2 (*Accepting Appointments*); ER 8.4 (*Misconduct*).  Rule 42, Rules of the Arizona Supreme Court.

Essentially, and without revealing the contents of the most recent communications with Mr. Hall, counsel believes that he must move this Court to withdraw to remain consistent with his professional obligations as there is a definite conflict within the attorney-client relationship.

Mr. Hall has his right to conflict free representation.  *United States v. Moore,* 159 F.3d 1154, 1157 (9th Cir. 1998).   This counsel also further understands that not every conflict between a lawyer and his client implicates Sixth Amendment concerns, particularly where the nature of the conflict and the extent of that conflict may be attributable to the conduct of the client.  *Schell v. Witek*, 218 F.3d 1017, 1027 (9th Cir. 2000).  And, in this case, what the contours of the relationship will be, whether meaningful or not, is a matter which is best determined by the Court.  *See e.g. Morris v. Slappy*, 461 U.S. 1, 3-4, 103 S. Ct. 1610, 75 L.Ed.2d 610 (1983).

Nonetheless, this has created an issue which needs to be addressed by this Court prior to proceeding further with critical stages of the case against Mr. Hall,

ER 1030

which on the eve of sentencing, where Mr. Hall potentially faces 25 years, and which is especially troubling to this counsel.

In this case, and as this Court is well aware, there have been previous proceedings concerning Mr. Hall's competency to proceed to trial, which again came in the context of this counsel's efforts to understand Mr. Hall during the months of November and December when trial was but a possible resolution to this case. *United States v. Garza*, 751 F.3d 1135 (9th Cir. 1135).

Further, counsel is aware of the fact that Mr. Hall has been denied the right to represent himself in earlier proceedings; there is nothing which, in this counsel's estimation, would change if Mr. Hall is allowed at this stage of the proceedings to represent himself now, even if by his conduct he may have forfeited his right to appointed counsel on his behalf. *Illinois v. Allen*, 397 U.S. 337, 343, 90 S. Ct. 1057, 25 L.Ed.2d 353 (1970); *see also United States v. Sutcliffe*, 505 F.3d 944, 954-957 (9th Cir. 2007). And, even if this Court were to permit counsel to withdraw, it is not inconceivable that new counsel would face the very same obstacles in representing Mr. Hall.

ER 1031

However, and because of the complete lack of communication between this counsel and Mr. Hall, there are grave concerns about whether Mr. Hall would have any representation at all.[1]

Counsel respectfully requests that this Court hold an *ex parte* sealed hearing, on Monday, at the time initially set for sentencing, so that any confidential or privileged communications heard by the court from either counsel or the defendant regarding the current status of the attorney-client relationship remain inviolate.

At that hearing, and after hearing from Mr. Hall and counsel and making any inquiry, counsel respectfully requests that the Court determine whether this conflict undermines the representation of Mr. Hall to the point where he has no representation and whether or not this counsel should continue to act as his

---

[1] Counsel also acknowledges that this motion is filed on the eve of sentencing but would assure this Court that this is not for purposes of delay, as there is no tactical or strategic advantage for delay on behalf of Mr. Hall or for counsel. As an example, counsel earlier this day filed a motion to continue sentencing (Doc. 140). Sentencing is set for Monday June 15 and as of this writing, counsel has not been able to even broach any form of mitigation with Mr. Hall's cooperation, or to clarify aspects of the pre-sentence report or formulate any objections to the report. Counsel, in the motion to continue sentencing alluded to the fact that he would be filing a motion to withdraw as well, which he is now writing. In the eight hours in which the Court has reviewed and denied that motion to continue (which, again, is not being made for the purposes of delay) counsel was engaged with duties related to his new employment. The reality is that because of counsel's leaving private practice and commencing full time employment at the Office of Legal Advocate there has been limited time to finish this matter (counsel's last CJA appointment) and find sufficient time to perform all of the necessary tasks on Mr. Hall's behalf. This problem has become especially acute for this counsel in light of personal circumstances which have been beyond his control.

ER 1032

counsel. *Holloway v. Arkansas,* 435 U.S. 475, 484-85, 98 S. Ct. 1173, 55 L.Ed.2d

426 (1978)


RESPECTFULLY SUBMITTED
Dated this 11th day of June  2015

By:    */s/Stephen C. Kunkle*
Stephen C. Kunkle
Attorney for Defendant

ER 1033

I hereby certify that on June 11th 2015, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF system for filing and transmittal of Notice of Electronic Filing to the following CM/ECF registrants:

The Honorable Neil V. Wake
United States District Court Judge

Clerk of Court
United State District Court

Ms. Lisa Jennis
Assistant United States Attorney
40 North Central Avenue, Suite 1200
Phoenix, AZ 85004

ER 1034

1　　　　　　　　**UNITED STATES DISTRICT COURT**

2　　　　　　　**FOR THE DISTRICT OF ARIZONA**

3　　　　　　　　　　_____

4

5　　**United States of America,**　　　）
　　　　　　　　　　　　　　　　　　）　No. **CR 14-0184-1-PHX-NVW**
　　　　　　　　Plaintiff,　　　　　）

6　　　　　　　　　　　　　　　　　　）

7　　　　　　vs.　　　　　　　　　　）　Phoenix, Arizona
　　　　　　　　　　　　　　　　　　）　June 16, 2015

8　　**Gordon Leroy Hall,**　　　　　　）　1:50 p.m.
　　　　　　　　　　　　　　　　　　）

9　　　　　　　　Defendant.　　　　　）
　　_____　）

10

11　　　　　　**BEFORE:　THE HONORABLE NEIL V. WAKE, JUDGE**

12

13

14　　　　　　**REPORTER'S TRANSCRIPT OF PROCEEDINGS**

15　　　　　　　　　　　　　**(_Sentencing_)**

16

17

18

19

20

21　　Official Court Reporter:
　　Laurie A. Adams, RMR, CRR

22　　Sandra Day O'Connor U.S. Courthouse, Suite 312
　　401 West Washington Street, Spc 43

23　　Phoenix, Arizona 85003-2151
　　(602) 322-7256

24
　　Proceedings Reported by Stenographic Court Reporter

25　　Transcript Prepared by Computer-Aided Transcription

1   **APPEARANCES:**

2   For the Plaintiff:

3           U.S. ATTORNEY'S OFFICE
            By:  **Lisa Jennis, Esq.**
4           By:  **Monica B. Edelstein, Esq.**
            40 N. Central Avenue, Suite 1200
5           Phoenix, Arizona 85004

6   For the Defendant:

7           STEPHEN C. KUNKLE PLLC
            By:  **Stephen C. Kunkle, Esq.**
8           5150 N. 16th Street, Suite A222
            Phoenix, Arizona 85016

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

```
 1                    P R O C E E D I N G S

 2            THE COURTROOM DEPUTY:  Criminal Case 2014-184-01,

 3   United States of America versus Gordon Leroy Hall.  This is the

 4   time set for sentencing.

 5            Counsel, please announce for the record.          13:50:53

 6            MS. JENNIS:  Good afternoon, Your Honor.  Lisa Jennis

 7   and Monica Edelstein for the United States along with IRS

 8   Special Agent Kathleen Neri.

 9            MR. KUNKLE:  Good afternoon, Your Honor.  Stephen

10   Kunkle on behalf of Mr. Hall, who is present, seated to my     13:51:05

11   right.

12            THE COURT:  Good afternoon, counsel.  And good

13   afternoon, Mr. Hall.

14            And Ms. Jennis, please pull microphone over toward

15   you.                                                         13:51:16

16            All right.  Now, Mr. Kunkle, is Mr. Hall comfortable

17   proceeding sitting at counsel table?

18            MR. KUNKLE:  Your Honor, I think in light of what's

19   transpired previously, it would probably be better to proceed

20   in that fashion.  I think the marshals may appreciate that as  13:51:35

21   well.

22            THE COURT:  Without objection then, we'll proceed and

23   you and Mr. Hall may remain at counsel table.

24            If there's times where you would like to have the

25   better microphone, either counsel may come up to the podium if 13:51:48
```

1  you prefer.  But Mr. Hall may remain at counsel table.

2         All right.  Mr. Hall, would you please state your full

3  name and date of birth.

4         THE DEFENDANT:  What does this living man that is here

5  before you, not in possession of any property owned or         13:52:17

6  controlled by the State, not a trustee for any defendant in

7  these proceedings or any other proceedings and not in contempt

8  of this Court or any other court have to do at all with these

9  proceedings today?

10        THE COURT:  All right.  The record will show that the    13:52:39

11 defendant has refused to answer the Court's question and the

12 Court will note that the person present is Gordon Leroy Hall

13 known to the Court from the trial previously conducted.

14        Now --

15        THE DEFENDANT:  Let the record show that the             13:52:53

16 non-response --

17        THE COURT:  No.  You are not allowed to speak unless

18 the Court invites you to speak and you have been given your

19 opportunity.  You will keep your silence or you will be removed

20 from the courtroom.                                             13:53:07

21        THE DEFENDANT:  Let the record show the non-response

22 to the substance of my question --

23        THE COURT:  -- all right.

24        THE DEFENDANT:  -- that my -- that I am not in

25 possession of any property belonging to the state not --       13:53:15

1      THE COURT:  All right.  Let me ask the marshals how

2  much time would it take to arrange us to have an audio link

3  from the courtroom to the holding cell?

4      THE MARSHAL:  Your Honor, we don't know.  We would

5  have to check with our supervisor.                    13:53:33

6      THE COURT:  Actually, Nick can you get that

7  information?  We'll pause for a moment while we find that out.

8      Mr. Hall, I am going to arrange to have an audio link

9  from the courtroom to the holding cell if you disrupt the

10  proceeding any further.  I will have the marshals remove you   13:53:48

11  from the courtroom, take you right through that door, have you

12  in the holding cell.  You will hear everything that goes on.

13  You will have your legal sentencing.  Nothing you say will be

14  able to disrupt these proceedings.  That's what's going to

15  happen if you disrupt the proceedings one more time.      13:54:03

16      Now, you will have opportunities to speak in these

17  proceedings.  The Court will advise you at the time you may

18  speak and you will be heard the full extent it's appropriate.

19      Now, I do want to follow through on that, Nick, and

20  we'll find out however much time we need to make that audio   13:54:19

21  connection.

22      Now, counsel, let me identify the documents I have.

23      I have the plea agreement, the presentence

24  investigation --

25      MR. KUNKLE:  There's no plea agreement.      13:54:34

1          THE COURT:  I'm sorry.  Not the plea agreement.

2          I have the presentence investigation report, I have a

3   paper that was dated received by the clerk of the court April

4   27, 2015, called -- well, it's called Possible Misguided

5   Forwarding of Documents.  The document is essentially            13:55:08

6   unintelligible, but to the extent the document seeks anything,

7   it is denied.

8          All right.  Counsel, are there any other documents I

9   should have?

10         MS. JENNIS:  No, Your Honor.                              13:55:20

11         MR. KUNKLE:  No, Your Honor.

12         THE COURT:  All right.  And when determining the

13   sentence to be imposed today, I will consider the factors

14   specified in Title 18, United States Code Section 3553(a),

15   including the sentencing guidelines and any applicable policy   13:55:31

16   statements published by the US Sentencing Commission, and I

17   must impose a reasonable sentence.  But I am not compelled by

18   the guidelines to impose a sentence within the range determined

19   by application of the guidelines.  The sentencing guidelines do

20   not establish a presumption of what the sentence should be or   13:55:50

21   of what is a reasonable sentence, nor is the sentence outside

22   the sentencing guidelines presumed to be an unreasonable

23   sentence.  The sentencing guidelines are given no more nor less

24   weight than any other statutory factors.  In imposing a

25   sentence, the Court will make an individualized determination   13:56:08

1    based on the facts of this case.

2          Now, would both counsel confirm that they and the

3    defendant have received the presentence report.

4          MS. JENNIS:  The United States has received it, Your

5    Honor.                                                    13:56:20

6          MR. KUNKLE:  Your Honor, I have received not only the

7    draft presentence report but the final presentence report.  And

8    so the record is clear, I have made my efforts to convey the

9    contents thereof to Mr. Hall on more than one occasion,

10   including yesterday.  I think we took that up at our ex parte   13:56:38

11   hearing.

12         THE COURT:  Yes.  Let me state for the record that the

13   ex parte hearing immediately preceding this, Mr. Kunkle has

14   stated in detail the efforts he has made concerning the

15   presentence report including his reading of the entire report   13:56:54

16   to the defendant yesterday.  And if there are further

17   proceedings, I'm sure that ex parte proceeding will be unsealed

18   and the Court relies upon the information given in that time to

19   demonstrate that even though the defendant has, in general,

20   refused to cooperate with his attorney with respect to the    13:57:15

21   presentence report, Mr. Kunkle read it to him in substance

22   yesterday.  And he had full opportunity to comment, respond, or

23   assist in any way that he wished.

24         Is there anything further you need to say on that?

25         MR. KUNKLE:  Nothing, Your Honor.                     13:57:32

1           THE COURT:  All right.  Now, Mr. Kunkle, the Court

2   understands the situation you are in.  And I invite whether

3   there are any objections you wish to make to the presentence

4   report.  And the Court is aware that your client has not

5   cooperated with you, but with that limit, with that understood,    13:57:56

6   if there are any objections please proceed with them.

7           MR. KUNKLE:  Your Honor, yeah, first just so it's

8   clear, when Ms. Chappell and I met with Mr. Hall for the

9   presentence report interview, he refused to be interviewed.  So

10  the report reflects that in that the information in the report    13:58:13

11  before the Court, it's my understanding has been gleaned from

12  some information, perhaps, from South Carolina, the case that

13  preceded this, as well as information from prior presentence

14  reports and, I believe, other sources.  Ms. Chappell could

15  speak to that further.                                            13:58:35

16          With respect to objections, Your Honor, no, I did not

17  file any formal legal objections to the report.  I did not have

18  any clarifications or modifications to make to the report, to

19  its substance, by virtue of the fact that Mr. Hall chose not to

20  speak with me about the report or have any input whatsoever,      13:58:51

21  any biographical information or educational information.  It's

22  my experience usually there's some errors that are made, some

23  statements that are made that we can correct with the probation

24  officer on an informal level.

25          With respect to objections, and I will address this       13:59:06

```
 1    again later on in my comments regarding sentencing, I know you
 2    took up yesterday the relevant conduct objection with Mr. Heath
 3    and Mr. Adams.  And while I could have spun for this Court a
 4    memorandum on the effective intended loss I had been down that
 5    road before, and I think that I didn't want to, in the current       13:59:31
 6    posture of the case, file anything that would be considered
 7    frivolous or not supported by substantive arguments that don't
 8    have merit, I think, to the Court.  So in terms of the
 9    objections I will speak to that a little later in terms of the
10    sentencing options before this Court in terms of a variance         13:59:49
11    issue.
12            But there's no objections per se to the relevant
13    conduct of the 93 million or the leadership roles at this
14    point.
15            THE COURT:  And we discussed this at length yesterday       14:00:00
16    in Mr. Adams' proceeding, which Mr. Hall was not here present
17    for.  But counsel recall what transpired, and I believe the
18    short of it is that the guideline calculations with respect to
19    the loss amount, or however we characterize it, in my view,
20    really don't matter much in this case; that the amounts lose        14:00:27
21    significance compared to the primary statutory purpose of
22    sentencing that the Court must consider in fashioning a
23    sentence in this case.  That's another way of saying whether I
24    do calculate it, I would, as I did before, at the $93 million
25    the presentence report states, but I don't view that as being      14:00:53
```

1    of real consequence for the sentencing.  We will focus on -- it

2    is a number that is too high to be useful in all the

3    circumstances of the case.  And we'll proceed to consider the

4    statutory purpose of sentencing in a more focused way.

5            Now, just trying to make a clear record here, was                14:01:14

6    there anything further, Mr. Kunkle?

7            MR. KUNKLE:  No.  Not on that issue, Your Honor.

8            THE COURT:  On any objection?  The matters for

9    allocution for sentencing and judgment we'll save for later.

10   But in terms of the presentence report and the guideline        14:01:32

11   calculations, do you have any other points?

12           MR. KUNKLE:  No, Your Honor.  And I believe that Ms.

13   Chappell got the numbers correct and the calculations are

14   correct in the presentence report.  And with respect to Mr.

15   Hall's criminal history, I had no reason, I did do some          14:01:45

16   independent research obviously from some discovery provided by

17   the government through Pacer, so I believe those calculations

18   are correct, too.  There's no objections there.

19           THE COURT:  Right.  All right.  The defendant has been

20   tried and been found guilty by the jury.  Pursuant to the        14:02:19

21   verdict of the jury, it is the judgment of the Court that the

22   defendant is guilty on Counts 1 and 2 each of aiding -- aid and

23   abet making fictitious instrument, in violation of Title 18,

24   United States Code Section 2 and Section 514(a)(1); and on

25   Counts 3 and 4 both of aid and abet using fictitious instrument  14:02:45

1  in violation of Title 18, United States Code Section 2, Section

2  514(a)(2).

3         The Court finds that the offense level computations,

4  the total offense level, the defendant's criminal history

5  category, and the applicable ranges are as stated in the          14:03:09

6  presentence investigation report.

7         Mr. Kunkle, would you prefer to allocute first or

8  after the government?

9         MR. KUNKLE:  I'd like to go last, Your Honor.  I like

10 to hear what the home team has to say first.                       14:03:23

11         THE COURT:  On the other hand, you need the

12 opportunity to persuade her, too.

13         MR. KUNKLE:  I have given up on that with Ms. Jennis,

14 Your Honor.

15         THE COURT:  I know that's tongue in cheek.               14:03:36

16         Ms. Jennis, I will hear your allocution on behalf of

17 the government.

18         MS. JENNIS:  Your Honor, would you like me to

19 approach?

20         THE COURT:  Yes.  Please.  The microphone is better     14:03:44

21 there.

22         MS. JENNIS:  Just as a quick note, there was a

23 misspelling in Paragraph 43 of the PSR.  His youngest child is

24 not Alexander but Alexandria.  I did speak with the probation

25 officer earlier, but I didn't know her name.  I have been        14:04:06

1    informed it's Alexandria.  She is 20.

2         THE COURT:  It is ordered that Paragraph 23 is

3    corrected to change the name from Alexander to Alexandria.

4         MS. JENNIS:  Your Honor is very familiar with the

5    facts of the case having sat through trial, so let's examine          14:04:24

6    his criminal history.

7         In Paragraph 33 of the PSR, it discusses that in 1992,

8    around 1993, the defendant was involved in a conspiracy where

9    they deceived people into investing with them and then stole

10   their money.  He received 60 months with three years running         14:04:43

11   concurrent and two years consecutive with another federal

12   conviction that began in 1986 in which Mr. Hall gets involved

13   with the mob in New York City and receives 87 months for his

14   role in a securities fraud scheme.

15        A year after his release he's back in prison after             14:05:05

16   failing to report for both these violations.  When he gets out

17   in April of 2009, that's when his sovereign ideology begins.

18   By 2012, he's back to his old shenanigans and agrees to hide

19   property for a defendant involved in a Ponzi scheme.  He pleads

20   no contest again in a district court, federal district court,        14:05:31

21   this time in South Carolina to wire fraud and he got 180

22   months.

23        THE COURT:  What's the status of that case?  Is there

24   any appeal on that?

25        MS. JENNIS:  No, Your Honor.                                    14:05:43

1          THE COURT:  All right.

2          MS. JENNIS:  He has been serving this 180-month

3     sentence since he was arrested on March 14th, 2013.  So I

4     calculated for the Court, it appears he's been serving -- he

5     served 27 months of that sentence.                              14:05:59

6          In the 2012 scheme, he involved his son Benton.

7     Benton Hall was born in August of 1991, so he watched his

8     father commit crimes since he was born.  And his dad went to

9     prison when he was just six years old.  When his father gets

10    out in 2009, Benton is now 18.  And what does his dad do?  He   14:06:23

11    takes him under his wing and brings him into a life of crime

12    and deception.  As you know, Benton was a co-conspirator not

13    only in this case but in the South Carolina case also.

14         His life, since he's been in his 30s, has been about

15    deceit.  In the PSR in Paragraph 50, they talk about him lying  14:06:46

16    to gain access to a drug program.  He hasn't paid taxes since

17    1984, 21 years.  Despite his incarceration for over 10 years

18    back in the '90s, he managed to obtain a 7,260 square foot home

19    in Mesa, Arizona, employ at least six people, and acquire

20    hundreds of followers through social media.                     14:07:14

21         In addition, when the FBI, the IRS, and there were

22    many other agencies involved in the search of his residence in

23    May of 2013, it was such a large residence, ATF was involved,

24    HSI, along with the Mesa Police Department, there were coins,

25    valuable gold and silver coins found.  There were firearms.     14:07:40

1    And there was a count dismissed for the firearms.  But as you

2    can see, Mr. Hall is a felon and can't possess firearms and

3    there were three firearms found in -- well, there were two

4    found in the hidden room in his master bedroom and those were

5    brand new assault rifles.  And there was some sort of pistol          14:08:04

6    found in his -- hidden in his master bedroom closet along with

7    ammunition and magazines, et cetera.  And there were other

8    firearms found in the residence, but those were in the

9    apartment over the five-car garage which his son Benton

10   resided.  And Benton did not have any felony convictions prior        14:08:28

11   to the one in South Carolina and then his second one here.

12           Gordon has about 126 months, by my calculation, giving

13   him credit for good time left on his sentence.  He's not been a

14   model prisoner.  And as you can see today, and on previous

15   occasions, he's disrupted this Court time and time again.  It's       14:08:53

16   important that when sentencing Mr. Hall, a person who has now

17   his fourth federal felony conviction, something that at least

18   in my experience I have not seen before, that the Court give

19   him more time than he's ever received before.

20           So the United States agrees with probation and agrees         14:09:20

21   that he should get a low end of the applicable guidelines which

22   is 292 months and that it be served concurrent to his South

23   Carolina sentence.

24           But that's not all we should talk about.  It's

25   certainly important to consider the 3553 factors determining          14:09:39

1  why the United States believes that -- and probation -- that a

2  292 months concurrent sentence is a fair one.

3          The nature and the circumstances of the offense are

4  quite serious.  And this is just one scheme of Mr. Hall's many

5  schemes.  And this one involved, you know, the printing of the        14:10:01

6  money orders in such a small period of time.  It was just a few

7  months it took to get this scheme together and to get all the

8  documentation.  I mean, Mr. Hall already had the clients.  And

9  to get it into that database and to start churning out those

10 money orders to the tune of $93 million all to be sent to the        14:10:24

11 IRS.  But it wasn't just the IRS.  I mean, this is was a giant

12 debt elimination scheme.  He didn't use the money orders as of

13 yet for the other elimination of debt, but over time, he filed

14 countless documents and setoff bonds and promissory notes and

15 other kind of ridiculous looking documents.  But that took up a      14:10:47

16 lot of paper and killed a lot of trees to eliminate all sorts

17 of debt.  No debt wasn't good enough.  It could be to post

18 bail.  It could be to get rid of credit card debt, mortgage

19 debt.

20          In this case, when the United States decided to charge       14:11:07

21 it and spoke with probation, we limited it just to the loss to

22 the IRS, because that was the only agency at that time that had

23 received money orders.

24          The next relevant factor is the history and

25 characteristics of the defendant.  Well, we already discussed        14:11:29

1   there are four federal felony convictions, this being the

2   fourth one.  It's bad.  And he has made a career of committing

3   crimes.  He has not only made a career for himself but he

4   involved his family, his son, his daughter.  You saw her

5   testify.  They are in the courtroom today.  She was employed by   14:11:52

6   him.  And he employed a lot of other young people who could

7   have been charged who were not charged, but very young people,

8   people who are 20, 21 years old, a lot of them still live with

9   their parents.  And he brought them into his home and he

10   involved them into his scheme.  And while he had another child   14:12:14

11   living in the home at the time, she wasn't involved in the

12   scheme but she was living it.  It was in the house.  That is

13   where he conducted the majority of his business and they did

14   have another office.

15         He has destroyed his children's lives.  I mean, Benton   14:12:31

16   is a prime example.  Your father is in prison since you are six

17   years old.  He gets out when you are an adult and what do you

18   do?  Bring him into the family business.  Unfortunately for

19   Benton, that was a life of crime.

20         Under 3553(a)(2), the Court should also ensure that   14:12:47

21   the sentence it imposes will reflect the seriousness of the

22   offense and afford adequate deterrence not only for criminal

23   conduct by the defendant, but for others.  It should protect

24   the public from the further crimes of all people.

25         And another consideration is to achieve general   14:13:09

1   deterrence and promote respect for the law.  And that's where

2   the 292-month sentence is most appropriate.  The Court must

3   send a message.

4       The defendant is a sovereign citizen.  It's an

5   anti-government movement which has many faces.  We've seen it        14:13:30

6   in the news recently, sovereign citizens who don't like the

7   government who have violent standoffs with them, or they shoot

8   people in public places.  Those are domestic terrorists.  But

9   sovereigns are not all violent.  In this case, we have a

10  non-violent protester.  And how does he protest?  Through           14:13:49

11  lawsuits.  But it's not just a protest, it's a money making

12  scheme.  It's a scheme to eliminate debt.  It's a scheme to, in

13  essence, shut down our government because there are so many

14  people involved in stopping him and the dozens or hundreds of

15  people that he's recruited through social media to impede the       14:14:14

16  functioning of the United States government.

17      He has been part of this movement since 2009 when he

18  was released from prison.  He has used social media to preach

19  his sovereign citizen ideology, so it has quickly spread

20  throughout the nation.  He has flooded the IRS with                 14:14:35

21  anti-government paperwork and setoff documentation on behalf of

22  taxpayers throughout the nation.

23      At trial, you heard from Revenue Officer Lyons about

24  the massive amounts of paperwork that he received from Mr. Hall

25  alone.  And remember, Mr. Hall had a staff, and the staff          14:15:00

1    talked about all the documents that they produced on behalf of

2    Mr. Hall's scheme.  So it wasn't just the money orders that got

3    sent.  And I believe that was approximately 10 pages just for

4    one year for Mr. Hall alone.  But there were all the documents

5    that he had sent in the past that didn't work, you know, the          14:15:26

6    setoff bonds and the promissory notes and all the, excuse my

7    words, the gobbledygook that went along with it.  All that

8    documentation, it was never enough that it was one thing

9    because what happens is if you don't respond he believes he

10   wins so he sends something else to say okay, now I can collect        14:15:46

11   because you never responded to my documentation.

12          He sent -- he and his staff sent out tens of thousands

13   of documents on behalf of taxpayers to the IRS and then to

14   other places to get their debt eliminated.

15          THE COURT:  Is that in the presentence report?                 14:16:07

16          MS. JENNIS:  It is, Your Honor.  It talks about it in

17   the beginning of the presentence report in the offense conduct.

18   It talks about the ideology.

19          THE COURT:  That I recall, but tens of thousands of

20   documents I did not recall.                                          14:16:23

21          MS. JENNIS:  It doesn't say those documents.  I

22   believe that came out at trial.  But certainly --

23          THE COURT:  Okay.

24          MS. JENNIS:  -- I can tell you that when we conducted

25   the search warrant, I was trying to see, it was at least 75,000      14:16:35

```
1    documents that were seized.  They get copies of a lot of
2    documents they had already sent out.  Now, remember, they
3    create the documents.  The documents get mailed out to the
4    client or to -- they don't mail them directly to the IRS.  The
5    client would do that.  But they did on occasion, they would          14:16:56
6    mail them to courts and they would keep copies of everything
7    they mailed out.  And so those items were seized along with,
8    you know, all the stuff that was contained on the computers.
9         He also attempted to impede the IRS by filing a
10   fictitious lawsuit against the IRS.  Mr. Hall is the figure         14:17:17
11   head of the sovereign citizen movement.  And now there are not
12   only civil and criminal cases kind of sprouting up throughout
13   the country, in addition to his own, but this would involve --
14   the IRS is not the only one involved in these cases.  In this
15   case the FBI was obviously involved also.  And countless            14:17:43
16   attorneys from both the civil and criminal sections of the
17   Department of Justice to investigate takes -- I can't even
18   imagine how many people it's going to take to investigate and
19   prosecute these cases and not to mention the number of cases
20   that will be charged in all the courts throughout the United        14:18:00
21   States that will be involved.
22        Yesterday, Your Honor, you talked about Mr. Adams
23   vandalizing the United States, but it's not, with all due
24   respect, it's not just vandalism.  It's called domestic
25   terrorism.  That is what Mr. Hall has done, and that's why the      14:18:23
```

1    United States brought this case.

2         If he isn't sufficiently punished, the next scheme is

3    going to be bigger and uglier.  No one could have done this

4    scheme without Gordon Hall.  While it's clear that Mr. Adams

5    was the one who thought up the money orders and had that                14:18:42

6    particular scheme, Mr. Hall has the clients.  He's the face of

7    this movement.  He is all over TalkShoe, on the internet,

8    radio, You Tube, seminars all over the country, perhaps even

9    out of the United States.  I know that Mr. Adams went outside

10   the United States to conduct his seminars.  So they were                14:19:07

11   conducted everywhere.  And he obviously got paid from something

12   because he had this big house with lots of valuable items in

13   it, the coins and the guns.  I don't really know where any of

14   that came from.

15        So, Your Honor, we need to send a message.  And what               14:19:23

16   better way than to cut off the head of the snake by sentencing

17   Mr. Gordon Hall, the leader of the citizen -- sovereign citizen

18   movement, and the acts of terrorism, domestic terrorism that he

19   has conveyed on the United States by trying to shut down the

20   IRS and the courthouses by all his frivolous filings and               14:19:50

21   actions.

22        And so therefore, it's very important, Your Honor,

23   that you impose a guideline sentence.  And I agree that the low

24   end would be good and it can be run and it should run

25   concurrent with his current sentence out of South Carolina.            14:20:08

 1          THE COURT:  What, again, is the amount of time he has

 2    remaining on the South Carolina sentence assuming he gets the

 3    benefit of good behavior?

 4          MS. JENNIS:  126 months.  And let me tell you how I

 5    calculated that.  He received 180 months, and he was arrested          14:20:22

 6    in March of 2013.  So taking 85 percent of 180 months, I

 7    believe it was 153 months.  And 153 months less 27 months would

 8    be 126 months left on his sentence.

 9          THE COURT:  27 months is the discount for good

10    behavior?          14:20:51

11          MS. JENNIS:  No.  What I did is I took 180 months

12    times 85 percent, which would be 153 months.

13          THE COURT:  Right.  Right.

14          MS. JENNIS:  He has served 27 months to date.

15          THE COURT:  Now, the presentence report states he has          14:21:01

16    413 days of presentence custody here.  Is he going to get

17    credit for all that on this sentence?  The reason I ask is I

18    know he's detained in South Carolina but he's taken here.  It's

19    just not clear to me what he -- now, assuming I give concurrent

20    sentences, as you recommend, that may answer that question.  I          14:21:26

21    just want to be clear whether my sentence, whether he gets

22    credit for that 413 days for this sentence even though he has

23    been in custody.

24          MS. JENNIS:  Certainly.

25          THE COURT:  I thought we had him brought out here from          14:21:41

1    South Carolina for this case.  Did we not?

2         MS. JENNIS:  He -- I think he had his initial

3    appearance in South Carolina if I -- and I don't recall.  But

4    he should get credit for the 400 however many days it was, 413

5    days, Your Honor.  Because he should get credit from the date         14:22:05

6    of his arrest for this indictment.  That would be how it would

7    usually work.  You don't get credit before you are arrested on

8    a case.  But he should get credit from the date of his arrest.

9         THE COURT:  What about age?  He's 61 years old now.

10   We're looking at a lengthy sentence no matter how it comes out.      14:22:33

11   At some point, does the purposes of sentencing, especially for

12   this case, the deterrence purpose, play out as against just

13   having the Bureau of Prisons take care of very elderly and

14   possibly infirm people?

15        MS. JENNIS:  Well, I think the world has changed, Your         14:23:01

16   Honor.  And I think that when he is 71 and finishes his South

17   Carolina case, I would not consider that elderly.  He certainly

18   will be well taken care of by the Bureau of Prisons.  I don't

19   see a problem.  I think he will be alive when he is released.

20   And people live a long time, and he has had, you know, he's not     14:23:22

21   a frail gentleman.  He was healthy when he was arrested, and he

22   appears, at least as far as I know, to still be healthy since

23   he's been in the Bureau of Prisons.  So I think that if he gets

24   out when he's in his 80s he will still have plenty of life left

25   to live.                                                            14:23:50

1          THE COURT:  All right.

2          MS. JENNIS:  Thank you.

3          THE COURT:  Mr. Kunkle, I will hear your allocution.

4          MR. KUNKLE:  Your Honor, with the Court's permission,

5   if we could have Mr. Hall allocute at this point and I could go        14:23:59

6   after Mr. Hall.

7          THE COURT:  Mr. Hall, is there anything you would like

8   to say to the Court before sentencing?  Speak into the

9   microphone.

10         THE DEFENDANT:  Are you speaking to me or are you          14:24:18

11  speaking to the defendant?  As a living man here in front of

12  you, whereas any authority or whereas the contract or the

13  agreement that gives the authority to sentence a living man,

14  one, that is not in possession of state-owned property; two, is

15  not a trustee for any defendant in these actions, and three, is        14:24:58

16  not in contempt of this Court.

17         Let the record show nobody disagrees that as a living

18  man here, that it is in agreement that there is no authority to

19  sentence a living man, who is not in possession of any state

20  owned property or controlled property, isn't a trustee for any        14:25:26

21  defendant in these proceedings, nor in contempt of this Court.

22  What you do with the defendant is not my business then as a

23  living man and not part of this.  Thank you.

24         THE COURT:  Mr. Kunkle, I will hear your allocution on

25  behalf of your client.                                                 14:25:45

1        MR. KUNKLE:  Your Honor, we have the had the benefit

2   yesterday, yesterday's sentencing, and I was here obviously

3   taking some notes so if I refer to anything I don't mean to put

4   words in your mouth.  But going forward on this case, first,

5   the gravamen of the charge is that these fictitious monetary          14:26:15

6   instruments caused a great loss to the government.  And I know

7   Ms. Jennis's comments before the Court about relating some of

8   what people believe in the sovereign citizen movement to

9   domestic terrorism might think is a little attenuated if not

10  unfounded.                                                            14:26:45

11       THE COURT:  Let me say, I -- people are entitled to

12  believe anything they want.  The law restricts their conduct.

13  So people can believe the United States government is

14  illegitimate.  They can believe anything they want.  But their

15  conduct is what is prohibited or required by the laws.                14:27:02

16       And also, I certainly do not hold it against Mr. Hall

17  at all that some other people may engage in violence.  That

18  just is no part of my analysis for sentencing.

19       MR. KUNKLE:  And, Your Honor, in this case, and I

20  think even the words used by Ms. Jennis moments ago, regarding        14:27:25

21  impeding the IRS are rather important.  At trial, that was one

22  of the themes, obviously, that, you know, whether you like it

23  or not, T.W. Lyons and the name of the woman who testified on

24  behalf of the government and the IRS, whether Ms. Jennis

25  characterized it as tens of thousands of documents, thousands        14:27:48

```
 1    of pages of documents, I believe the testimony at trial was
 2    that there were two boxes or three boxes in the mail room of
 3    documents that Mr. Hall had mailed to the IRS over time.  One
 4    of them was Exhibit 6 at trial, and that one is put together by
 5    the government.  Their trial exhibit was like 40 pages.  I know    14:28:08
 6    Your Honor has seen these before, similar documents with note
 7    of dishonor, notice to principal, notice to agent.
 8            I'm not going to stand here and tell you that there's
 9    any validity to some of what the sovereign citizen movement, if
10    you will, generates in its paperwork towards the IRS.  Moments     14:28:29
11    ago Mr. Hall spoke, if you don't agree then it's considered an
12    acquiescence kind of that theme out of the UCC.  If it's
13    presented for payment and you dishonor or return it then well,
14    that's okay, it's been accepted for value.
15            But in there is a kernel of it that people have fear       14:28:49
16    regarding debt, the way the government borrows money.  Being a
17    student of history I note that some of the arguments that I
18    have seen in the sovereign citizen movement, for lack of a
19    better term, are rooted in what purist and constitutional
20    theory call the idea of consent that people give to their         14:29:13
21    government and how much money they want their government to
22    borrow and how they fear that debt the government takes on that
23    they saddle their citizens with.  That's legitimate protest.
24            And it does morph into much of what the foreperson, if
25    you will, the forefront of the government interaction with its    14:29:31
```

```
 1   own people in the IRS.  And when Ms. Jennis was speaking
 2   moments ago about impeding the IRS, that's really what this
 3   case is about.  And the guideline measurement in this case is
 4   way overstated.  I would note that under Section 514, I
 5   believe, two Ninth Circuit cases, one was Howick and one was          14:29:51
 6   Salman.  And Salman was more akin to this case where documents
 7   were being sent in, fictitious documents, to the IRS.  Howick
 8   was a case they found Mr. Howick in possession of these things.
 9   He was an elderly man.  There was no evidence where they were
10   going to be used except that he had possession of many of them.      14:30:15
11   He ended up getting the two years.  I think that was the case
12   Mr. Heath was referring to yesterday.
13           THE COURT:  We have all the time anyone needs so we're
14   not short at all.  But I should put it on the table that one
15   serious question in my mind is whether to impose a concurrent        14:30:31
16   sentence.  Another way to look at this problem is the
17   culpability harm done that has nothing to do with the sentence
18   imposed in the Court in South Carolina, so it may be that the
19   better way to approach this is to allow Mr. Hall to pay his
20   debt to so society for that conduct and not give him credit for      14:30:56
21   having committed that other crime as against this one.
22           My mind is entirely open on that, and I am not at all
23   presuming that I will impose concurrent sentences because it's
24   been recommended.
25           MR. KUNKLE:  Your Honor, just to harken back to             14:31:18
```

1  yesterday, you used the term vandalism.  And in a sense, the

2  idea that the IRS was going to be defrauded out of these, I

3  don't take the government at its word that any one of these

4  money orders was ever going to be paid.  They might muck up the

5  works, yes, because an unwitting employee may deposit them.                 14:31:38

6  But at first blush, if you look at the document it's obvious

7  that it's just bogus.  And the idea that the IRS was going to

8  be out millions of dollars, that didn't happen here.  This

9  wasn't like a 1099 OID scheme where the IRS had some

10  culpability for paying out refunds to people through false tax              14:32:01

11  return filings.

12       But I would just submit to you that 24 years for

13  mailing two obviously fictitious money orders to the IRS that

14  merely caused an inconvenience on Mr. Lyons' part to come in

15  from a day he was working at home because he believed he may                14:32:25

16  have to process them based on what his secretary told him, I

17  don't believe that merits 24 years.  I don't believe that's

18  what this case is worth.  I don't care if Mr. Hall has four

19  felony convictions or three or 10.  It's not a 24-year sentence

20  case.                                                                       14:32:42

21       THE COURT:  Perhaps not.  But on the other hand, this

22  case is unlike most, certainly unlike Mr. Adams yesterday in

23  that Mr. Hall has an extensive history as a financial predator.

24  And so one of the purposes of sentencing is just to keep

25  people, disable them from hurting more people for as long as                14:33:02

```
1    they are in prison.  That certainly is a factor to be
2    considered.  It's frankly, my mind it's not a factor to be
3    considered in most cases because in most cases once we think
4    through purpose of deterrence and public deterrence, that we've
5    gone beyond the justification just to keeping people out of        14:33:23
6    circulation.
7            But Mr. Hall is a predator, not just occasionally but
8    for decades.  So one benefit of having him in prison is he
9    won't be able to run any scams on anybody as long as he's in
10   prison.  That's one factor.  And again, to my mind, this plays    14:33:40
11   into the question of -- well, one reason for giving concurrent
12   sentences is that if the new sentence, with the amount of time
13   you would give for that with the comfortable conservative
14   assessment is already being achieved by another sentence,
15   that's a reason to give a concurrent sentence.                    14:34:16
16           But on the other hand, in this case, I can think
17   through purposes of sentencing for this case that really
18   wouldn't -- I could say the sentence should be thus and such
19   amount of time he can start dealing -- serving that when he's
20   dealt with the other sentence.  It's just not -- the             14:34:40
21   mathematics is always interrelated.
22           But so I'm sorry for interrupting your thoughts.  I
23   want to hear everything.
24           MR. KUNKLE:  I understand.  Your Honor, plain and
25   simple, I believe the presentence report alluded to the fact,    14:34:56
```

1    and I don't think the government would object to these

2    characterization, and I believe at one point in time, the

3    government informed me that Mr. Hall had already been under

4    investigation here in this district when the South Carolina

5    case happened.  To the extent that the South Carolina case is          14:35:14

6    related to this it all spawns from the same --

7            THE COURT:  I don't see any relation at all.  Is there

8    any relation to the South Carolina case?

9            MR. KUNKLE:  Oh, yes, there is.  The way I see it is

10   the same ideology, if you will, that led to the South Carolina         14:35:27

11   case in that it was my understanding that case was a Ponzi

12   scheme being perpetrated by others in South Carolina, and the

13   fraud there, if you will, was in the concealing of assets from

14   the receiver appointed by the Court in terms of moving property

15   to entities with some kind of payment by individuals in that           14:35:49

16   Ponzi scheme.  That's my loose understanding in that case from

17   conversations.  And to answer the Court's other question

18   there's no appeal on that case.  For whatever reason, I believe

19   because it was a plea agreement, but it was a no contest plea

20   agreement.  There was some issue with the appeal being filed           14:36:09

21   timely and whether it was going to be an appeal at all.  But

22   that case, the last I checked on Pacer in the Fourth Circuit

23   that appeal had been denied.

24           THE COURT:  There had been a Notice of Appeal but

25   untimely?                                                              14:36:24

1      MR. KUNKLE:  Yes.  And it was denied.  They went back

2  to the district court to try to get leave to appeal untimely,

3  and that was denied as well.  So Mr. Hall was serving that

4  15-year sentence with, approximately Ms. Jennis's calculations

5  were pretty correct.  One thing she did miss, though, is that      14:36:36

6  he does not get good time on the last two years because he's

7  not in BOP custody.  That good time that he would have normally

8  received is gone.  They only credit you with good time when you

9  are in their custody at one of their facilities.

10      But back to the numbers, Your Honor, this not being a       14:36:56

11  case, in my opinion, or in your opinion, merits 24 years in

12  prison.  And you call Mr. Hall a financial predator but notably

13  not one person who believed in what Mr. Hall was selling,

14  whether it's true or not, came forward to testify that they

15  believed they had been defrauded.  Now, the government's          14:37:19

16  telling us there may be charges pending against some of those

17  people for whatever reasons the government may have to bring

18  those cases if they are filing their own money orders.

19      But in this case, when Mr. Hall is done with that

20  South Carolina sentence he's going to be approximately 71 years   14:37:35

21  old.  If you were going to give him 24 years dating from the

22  date of this offense, which would be the arrest date, how it

23  gets computed, is my understanding is the date of designation,

24  he wouldn't be released until 2038.  By my math, he would be

25  almost 81 years old.  It's almost an additional nine years on     14:37:51

1  top of what he's getting now, being the difference roughly

2  between the 24 years and the 180.

3        And again, despite what the government would tell you,

4  the healthcare inside the Bureau of Prisons is not state of the

5  art.  They do take pretty good care of people.          14:38:10

6        THE COURT:  I was thinking as much about the Bureau of

7  Prisons as about Mr. Hall.  At some point does it make sense to

8  burden them with very elderly people.

9        MR. KUNKLE:  And I don't know what harm Mr. Hall would

10  cause anyone if he came out of prison in his 70s.  Behind me    14:38:25

11  are his children.  And as you know, Shannon testified against

12  him at trial.  His other daughter, Ali is here.  And his family

13  is known -- and to go back to the '90s, again, I'm without

14  benefit of the back and forth of Mr. Hall.  And I know that in

15  that case, Your Honor, it was a stock manipulation scheme as    14:38:50

16  it's spelled out.  But Mr. Hall went to the prison for the

17  first time in the '90s.  And when Ms. Jennis speaks about

18  coming into the sovereign movement in full swing in 2009 it

19  started before then.  And one statement that stuck with me is

20  what his daughter Shannon said, and it was after the loss of    14:39:08

21  his two children who died while he was in custody in the early

22  part of the decade is -- and again, I don't want to put words

23  in Ms. Hall's mouth, but he kind of lost his mind and he became

24  really enwrapped in this.  And the reason people really become

25  enwrapped in the sovereign citizen movement is because they    14:39:28

```
 1   feel powerlessness.  They feel that the government has all the
 2   cards in their hands.
 3          And while Ms. Jennis speaks about sending a message
 4   with the sentencing, in some ways, the message you send here
 5   today may or may not reverberate through that movement, if you      14:39:44
 6   will, that he's the figurehead of as Ms. Jennis characterizes
 7   him.  But in some ways, it almost plays into that to say, see,
 8   I told you so.  This is what happens to you.  They have the
 9   jails.  They have the prisons.  They have the guards.  One of
10   the underlying themes of all that, and Mr. Hall just spoke to      14:40:02
11   it, was where is your jurisdiction over me?  And, you know, I
12   came to Mr. Hall's case a year ago through a court appointment
13   just random, obviously.  This is my third go-around in trying
14   cases in this district, the first one some years ago before
15   Judge Murguia.  I had another sovereign, if you will, before      14:40:23
16   Judge Campbell.  And there's always this tension as to who are
17   they defrauding?  The government or the people who they have as
18   clients that they bring in?
19          THE COURT:  Mr. Hall clearly has a history of
20   defrauding other people, including using this movement to get      14:40:38
21   money out of other people.  So there is that.  There is also
22   the issue of -- well, I called it vandalism yesterday but
23   setting out to -- I will tell you a short little story that
24   doesn't matter, when I was in law school over 40 years ago, I
25   befriended a student from -- it was actually a graduate student      14:41:00
```

 1    lawyer from another country.  I won't mention the country, a

 2    third world country.  He was a tax official in that country and

 3    he was getting a master's of law in tax at our law school.  And

 4    he lived across the hall from me in the dormitory, got to know

 5    him.  And I remember him telling me that our tax system in this          14:41:20

 6    country is the envy of the world because people assess the

 7    taxes against themselves and they pay them.

 8         This conduct we have seen here is an attempt to

 9    obstruct that, to deprive not just the government as an

10    abstraction but our society as a whole of the benefit of a tax          14:41:42

11    system that people generally pay.

12         Now, there's many complaints to be made about taxes

13    and tax policy, and I'm certainly not endorsing a current

14    policy against anything.  But the system -- that system of the

15    government working with people assessing and paying it is just          14:42:04

16    being not just obstructed but it is a kind of vandalism to

17    burden the government with this kind of obstruction.  And

18    although I don't really go beyond the presentence report and

19    things that have been available to both sides, that is apparent

20    from what the Court is fully aware of from the trial and               14:42:25

21    everything else in this case.

22         So there is more at stake here than just the fact that

23    only a few of these documents actually got credited before they

24    were caught.  And I don't -- you don't -- I don't make any

25    judgment about people who don't believe in the federal                 14:42:50

1  government.  But that is genuine obstruction that is a

2  legitimate consideration.

3       MR. KUNKLE:  Your Honor, but impeding IRS, obstructing

4  the IRS, I think you asked Mr. Heath yesterday, my recollection

5  is a three-year stack max under 7212, not five.  And really, if      14:43:11

6  people want to, you know, muck up the works for lack of a

7  better term, of the IRS, they want to mail in a $100,000 candy

8  bar wrapper that says, here's my tax debt and the IRS gets

9  empty candy wrappers, yes, that's obstruction.  That might be

10 7212 conduct.  People have all kind of ways of protesting.  I       14:43:34

11 don't believe any one of these money orders was ever paid to a

12 routing number connected to a social security number anywhere.

13 And I also find it even harder to believe the government's

14 assertion yesterday that the entire IRS was about to pay out

15 money orders and drop liens on properties and that's some        14:43:50

16 danger.  This is a protest.

17       THE COURT:  I'm not asking you to admit anything, but

18 they are trying to get it credited.  It wasn't mailed in with a

19 cartoon attached it for laughs.

20       MR. KUNKLE:  No, the matter was alluded to in the        14:44:06

21 trial with Ms. Edelstein, this wasn't a banana mailed in with

22 routing numbers.  I agree with that.  But the money order on

23 its face directing Timothy Geithner to pay out to the Treasury

24 based on a social security number on this loosely known theory,

25 redemption theory to pay off an old tax debt is just ludicrous.   14:44:21

1  Everyone would know that.  Yes, much of what they come from is

2  a protest against their government that at some points goes too

3  far.  Mr. Hall has his history.  But 24 years is way too much.

4  And this Court is not and should not about sending a message.

5  The message is to Mr. Hall.  If you want to send a message to            14:44:43

6  the --

7          THE COURT:  There's a message beyond the statutory

8  purposes of sentencing that includes deterrence to individual

9  and public.

10         MR. KUNKLE:  And if the government wants to send a           14:44:55

11 pest message they can spin a press release when the case is

12 concluded, which I'm sure they will next week.  But the point

13 being, Your Honor, Mr. Hall at age 61 is looking at potentially

14 spending what may be the rest of his life in prison.  He owes

15 $172,000 in restitution on the South Carolina matter.  He is          14:45:12

16 still going to go --

17         THE COURT:  He owes a million and a half dollars of

18 taxes for 20 years.

19         MR. KUNKLE:  And, Your Honor, I came across cases

20 that, like it or not, one of them was *United States versus*         14:45:23

21 *Neal*, where Mr. Neal was an inmate at Atwater and was

22 attempting to file liens against BOP guards by having them mail

23 it out of prison.  So it's not the incapacitations that's going

24 to necessarily stop things, but I'm sure Mr. Hall is aware of

25 that now.                                                             14:45:48

1        But I would just submit that incarcerating him into

2   his late 70s, even his mid 70s, is more than adequate

3   deterrence.  It's more than sufficient.

4        THE COURT:  On the other hand, you know, there isn't

5   any focused reason to think that Mr. Hall will be deterred no          14:46:05

6   matter how long he's in prison.  Now, I think that is not a

7   reason to impose a sentence longer than what would be a normal

8   midrange effective deterrence to an individual.  But there's

9   certainly no reason here to look for a lighter sentence out of

10  hope that he will stop victimizing people, whether he's 75 or          14:46:29

11  80 when he gets out.  Maybe the other factors are more

12  significant than that.  But I guess my concern here is there

13  are a lot of people who have been victimized through a lot of

14  his life, and there's no reason to think he will stop.

15       MR. KUNKLE:  The only victim that I heard testify in          14:46:53

16  this case is maybe Mr. Lyons who came in on his day off to

17  deposit a $100,000 money order that didn't exist.  That's it.

18  And the other people, to the extent they had money orders

19  printed on their behalf, if that's what they choose to send in,

20  then that's what they close the send in.  But I don't perceive          14:47:11

21  those people as victims.  And this Court's focus should be on

22  what this case is about not on what happened 20 years ago in

23  New York City, obviously, with a Rico case or anything else.

24       But I would just submit to the Court that Mr. Hall's

25  guideline number is driven largely by, I think what this Court          14:47:32

```
1    would have to concede is an overly inflated loss number.  Just
2    by way of comparison, yesterday the million and a half number
3    on these two money orders, I believe, is a 16 point specific
4    offense characteristic under the guidelines under the 2B
5    guidelines.  And with the Criminal History Category IV that        14:47:54
6    still leaves 77 to 96 months which curiously is just about the
7    amount of time over and above the difference between 24 years
8    and 180 months.  I'm not suggesting that that, even then, is a
9    fair sentence.  But the $92 million is -- it is just an absurd
10   number to be basing any sentence on in this guideline,            14:48:17
11   fashioning a sentence in the presentence report.

12            And to that extent, Your Honor, this case about
13   fictitious instruments, in my short lived history before this
14   Court of about 10 years of trying these cases, the government
15   has taken a tact in these cases to not try these cases as tax     14:48:38
16   cases.  It makes some sense because they don't have to get into
17   a good faith belief issue of what people truly believe and run
18   that down the gauntlet of a federal jury.  So they charge them
19   under filing false claims or, in this case, fictitious
20   instruments, which I was quite surprised upon initially           14:49:00
21   receiving the indictment to learn was a Class B felony
22   punishable of up to 25 years for sending funny money to your
23   government in a protest.  Had they sent in monopoly money or a
24   check that said payable to who, you know, because he plays
25   first base, I don't think we would be here.  I don't think this   14:49:18
```

1  is an intent that they ever believe is going to get their tax

2  liabilities extinguished.  I think it's an intent to impede the

3  IRS and that's how the case should be sentenced.

4          And I would ask you to consider the fact that Mr.

5  Hall, who as difficult, obstreperous an individual as he has          14:49:35

6  been before this Court, still deserves fair sentencing, not

7  based on his conduct or his behavior here or difficulties he

8  posed to the marshals.  I'm only putting it out there, Your

9  Honor, not suggesting you would do that.

10         THE COURT:  It's not the first time I had to deal with    14:49:52

11 it.

12         MR. KUNKLE:  Yeah.  And so I don't know if Your Honor

13 has any other questions.  I just don't believe that keeping

14 someone in prison for lengthy periods of time serves any more

15 purpose, especially when you talk about keeping somebody well       14:50:05

16 into their senior years.  And I would just submit that Mr.

17 Hall, coming out of prison in his mid 70s, is more than

18 sufficient punishment in this case.

19         And I would just submit that, you know, coming as it

20 is, and I know under 5G, Ms. Chappell alluded to this in the        14:50:24

21 presentence report, you have the ability to run partially

22 concurrent, concurrent consecutive, and I do not believe Mr.

23 Hall deserves to spend the rest of his life in prison.

24         THE COURT:  I always let the defendant have the last

25 word in allocution but since you have just gone first I will        14:50:41

1    give Ms. Jennis an opportunity to reply.  If she does, again,

2    you can have the last word.

3          MS. JENNIS:  Your Honor, I believe -- I don't have a

4    statute book to look at, but I do think that at some point if

5    Mr. Hall was sick there is a statute that allows him to apply          14:51:03

6    to be released due to his age.  I just couldn't recall the

7    exact statute.

8          THE COURT:  I remember that in general, too.

9          MS. JENNIS:  Under the guidelines, under 5H1.1, they

10   talk about age and how it may be relevant in determining             14:51:20

11   whether a departure is warranted based on age.  Age may be a

12   reason to depart downward in a case in which the defendant is

13   elderly, infirm, where a form of punishment such as home

14   confinement may be equally as efficient and less costly than

15   incarceration, which I don't believe is the case here.  And          14:51:39

16   home confinement, he could continue to commit the crime.  And,

17   in fact, I think that's something to consider.  The type of

18   crimes he's committed are crimes that he can commit at any age.

19   In fact, when he's older he maybe has less to lose.  He can

20   still do his talk shows and think, well, no one is going to do       14:52:01

21   anything to me because now I'm 70 or 80 or whatever age he may

22   be.

23          Also, I just want to let you know that the South

24   Carolina case was a Secret Service investigation.  It didn't

25   have anything to do with the IRS.                                    14:52:18

1       And lastly, Your Honor, I don't believe that Mr. Hall

2  feels powerlessness.  He did this for money.  He may have these

3  beliefs also, but his actions, his unlawful actions were to

4  make money and to eliminate debt.  He was paid by his clients.

5  These certainly weren't things he just did to eliminate his own        14:52:42

6  debt but he also did this to make money.

7       Thank you.

8       THE COURT:  Any last word, Mr. Kunkle?

9       MR. KUNKLE:  No, sir.

10      THE COURT:  All right.  First I just want to -- the        14:52:54

11  guidelines are technically correct, as I previously ruled, but

12  somewhat in parallel to my remarks yesterday in Mr. Adams'

13  sentencing, I do consider the $93 million to be an

14  overstatement.  And if the guidelines were lower -- and

15  yesterday, I just thought through.  I think I had the 16 level        14:53:31

16  instead of 24 level for Mr. Adams.  But that was just on the

17  two checks.  But on the other hand, those are the same two

18  checks in this case.

19      If I thought it through that way, with the two-level

20  enhancement in Paragraph 23 for use of counterfeit access        14:53:53

21  devices, and the four-level enhancement for organizer or leader

22  role, both of which are entirely appropriate here, that would

23  be equivalent to an offense level of 29.  And at a Criminal

24  History Category of IV, that would be a guideline range of 121

25  to 151 months.        14:54:22

1           Of more importance, really, is the statutory purposes

2    of sentencing, which are more difficult to quantify.  But

3    still, we give consideration to, one is a group of closely

4    related purposes.  One is the nature and circumstances of the

5    offense, the need for the sentence to reflect the seriousness          14:55:07

6    of the offense, to promote respect for law and to provide just

7    punishment.  I view this as a very serious offense for reasons

8    I have touched on already.

9           First of all, for people who have sophistication about

10   these kinds of documents, if you look at this document, it is         14:55:34

11   not stamped with a rubber stamp that says this is a joke.  It's

12   not a document that somebody who is sophisticated and paid

13   careful attention to is likely to credit.  But it was clearly

14   intended to be credited.  So I don't think there's anything

15   inappropriate of thinking of this as an offense of the               14:56:14

16   seriousness that would reflect an offense loss in that million

17   and a half dollar range.  I think the bracket is one million to

18   two million for guideline calculations.

19          The other factor, or another factor, is the history

20   and characteristics of the defendant.  And here, Mr. Kunkle, he      14:56:38

21   not only has a Criminal History Category IV, he has three

22   serious financial fraud convictions in the past.

23          Somewhat related to that is the need to afford

24   adequate deterrence to the defendant.  As I remarked before I

25   really find it hard to conclude that Mr. Hall is going to -- is      14:57:03

 1   likely to acquire a sense of his obligations to his community

 2   to everyone who has to pay for government and the need for the

 3   government to be -- to have the resources to pay for the things

 4   that our democratically elected government decides to spend

 5   money on even though none of us agrees with everything.  I just    14:57:30

 6   cannot be optimistic that Mr. Hall will acquire that sense of

 7   responsibility to his community.  And therefore, any sentence

 8   can be justified on the basis of its appropriateness to deter

 9   Mr. Hall.

10          A second branch of the purpose of affording adequate        14:58:02

11   deterrence is the need for public deterrence, to deter other

12   people who would contemplate engaging in this kind of conduct.

13   I view that branch of the deterrence purpose as being more

14   important, Mr. Hall, in your case.  We need to have a sentence

15   here that communicates to people who may not like the             14:58:20

16   government, may hate it, but if they set out to send documents

17   for the purpose of defrauding the government, even if they get

18   caught, that it isn't a joke.  It will not be treated as a

19   joke, and doing this in a systematic way is a very serious

20   matter that people need to think about the harm they are doing    14:58:47

21   and that the harm of it isn't worth either the political

22   philosophical gratification or the sense of humor or whatever

23   it is.  It's not going to be -- should not be worth it.

24          Another factor I touched on already is the need for

25   the sentence to protect the public from crimes of the            14:59:12

1    defendant.  That's a very serious motivation in this case,

2    purpose in this case.  Whether it's participating in the

3    bankruptcy fraud in South Carolina or securities fraud in New

4    York or this kind of attempted fraud on the government, at

5    least Mr. Hall while you are in prison, you won't be able to do            14:59:45

6    that.

7             There is another factor into the law that applies, I

8    think applies here in an indirect way, and that is the need to

9    provide the defendant with education or vocational training,

10   medical care, or other correctional treatment.  Now, that's an            15:00:07

11   unusual factor, because I have always been of the view that it

12   never justifies putting anybody in prison for any longer.

13   That's sort of a side benefit in some cases to having people in

14   prison for reasons that are otherwise justified.

15            But this one seems to me to bear into what I have                  15:00:25

16   raised earlier, and that is that at some point people are old

17   enough and at enough risk of frail health that deterrence and

18   protection and other reasons of imprisonment diminish

19   significantly.  So that leaves me to think through Mr. Hall's

20   age.                                                                        15:00:55

21            Looking at this sort of alternate, what I will call a

22   practical guideline calculation rather than the technical

23   guideline calculation, it still ends up with a sentence of 121

24   to 150 months as a guideline.

25            The Court really has a judgment and discretion on                  15:01:24

1  this, but I find it personally easy to think more -- easier to

2  think this through in terms of what is the least amount of

3  punishment for this crime and not distract myself with the fact

4  that the defendant already has a lengthy sentence to serve for

5  an unrelated crime.                                                    15:01:52

6          Oh, and also, Mr. Hall, I'm sure your lawyers have

7  attempted to explain this to you, but you have it within your

8  power to reduce your own sentence by engaging in good conduct

9  while you are in the custody of the Bureau of Prisons.  You can

10 get a reduction of your sentence up to 15 percent.  Now, you            15:02:46

11 don't have to engage in good conduct.  You could just have the

12 fun of obstructing prison, but you have to serve your full

13 sentence.

14         So when I think through the sentence, I give you the

15 credit for electing to conduct yourself well and to get the            15:03:03

16 benefit.  Mr. Hall, I think there is serious risk that you will

17 continue to be a threat to people and a harm to people well

18 into your elder years.  And therefore, it is appropriate to

19 impose a sentence that's otherwise warranted here, even though

20 it takes you into an older age.                                        15:04:05

21         Oh, and I can't remember if I already mentioned this,

22 to the extent it's a closer question, I'm required to give the

23 more lenient sentence that has the sufficient prospect of

24 serving the statutory purposes of sentencing.

25         And considering all these factors, I'm satisfied that         15:05:46

1   a sentence of 96 months, which is eight years, is a sufficient

2   sentence to be served consecutive to your existing sentence.

3        So if you behave well, you can be out of prison while

4   you are still in your late 70s. You will have the prospect of

5   some degree of good health and some life left.     15:06:17

6        So this is a -- requires a variance of -- that's a

7   13-level variance that I will base on -- well, ironically,

8   partly the history and characteristics of the defendant, and

9   that is age. That cuts in your favor. Plus the factor I

10   mentioned, the statutory factor, which I take in a reverse way   15:07:21

11   of the need for the sentence to provide the defendant with

12   education, vocational training, medical care, or other

13   correctional care which I am applying in a way that looks to

14   your likely age and the diminished prospect of the need for you

15   to be in prison after a certain age.     15:07:41

16        And also in imposing this sentence, I give specific

17   consideration to the fact that this sentence will be

18   consecutive to your sentence in the South Carolina case and the

19   amount of time you will be in prison in that case. Those two

20   matters are substantially unrelated, and I'm -- in my judgment   15:08:08

21   and discretion, it is really not appropriate to give you what

22   amounts to a discount for committing these multiple and

23   unrelated very serious crimes.

24        So pursuant to the Sentencing Reform Act of 1984, it

25   is the judgment of the Court that Gordon Leroy Hall is hereby   15:08:36

1  committed to the Bureau of Prisons for 96 months.

2            This term consists of 96 months on Count 1, 96 months

3  on Count 2, 96 months on Count 3, and 96 months on Count 4, all

4  such terms to run concurrently.  This sentence is also

5  consecutive to the sentence of incarceration in the United                    15:08:58

6  States District Court, District of South Carolina, Case Number

7  6:13-CR-00170-JMC-1.

8            The defendant shall pay a special assessment of $400

9  which shall be due immediately.  The Court finds the defendant

10  does not have the ability to pay and orders the fine waived.                   15:09:37

11            The defendant shall pay a total of $400 in criminal

12  monetary penalties, due immediately.  Having assessed the

13  defendant's ability to pay, payment of the total criminal

14  monetary penalties is due as follows:  Balance is due in equal

15  monthly installments of $100 over a period of four months to                   15:09:54

16  commence 60 days after release from imprisonment.

17            If incarcerated, payment of criminal monetary

18  penalties is due during imprisonment at a rate of not less than

19  $25 per quarter, and payments shall be made through the Bureau

20  of Prisons Inmate Financial Responsibility Program.  The Court                  15:10:14

21  hereby waives the imposition of interest and penalties on any

22  unpaid balance.

23            Upon release from imprisonment, the defendant shall be

24  placed on supervised release for five years.  This term

25  consists of five years on Count 1, five years on Count 2, five                  15:10:31

```
 1    years on Count 3, and five years on Count 4, all such terms to

 2    run concurrently.  This term of supervised release is also --

 3    well, I don't really need to address concurrency with the South

 4    Carolina case, do I, because it has not made them concurrent.

 5                THE PROBATION OFFICER:  I think it could still be        15:11:05

 6    consecutive.

 7                THE COURT:  I guess there's no harm in stating that.

 8                This term of supervised release is also concurrent to

 9    the term of supervised release in U.S. District Court, District

10    of South Carolina, Case Number 6:13-CR-00170-JMC-1.                 15:11:19

11                While on supervised release, the defendant shall

12    comply with the standard conditions of supervision adopted by

13    this Court in General Order 12-13.  Of particular importance,

14    the defendant shall not commit another federal, state, or local

15    crime during the term of supervision.                              15:11:42

16                Within 72 hours of release from the custody of the

17    Bureau of Prisons, the defendant shall report in person to the

18    probation office in the district to which the defendant is

19    released.

20                The defendant shall comply with the following          15:11:55

21    additional conditions:  You are prohibited from making major

22    purchases, incurring new financial obligations, or entering

23    into any financial contracts without the prior approval of the

24    probation officer.  You shall provide all financial

25    documentation requested by the probation office.  You shall        15:12:13
```

 1    cooperate with the Internal Revenue Service and pay all tax

 2    liabilities.  You shall file timely, accurate, and lawful

 3    income tax returns and provide proof to the probation officer.

 4    You shall submit your person, property, house, residence,

 5    vehicle, papers, computers as defined in Title 18 United States    15:12:34

 6    Code Section 1030(E)(1), other electronic communications or

 7    data storage devices or media or office to a search conducted

 8    by a probation officer.  Failure to submit to a search may be

 9    grounds for revocation of release.  You shall warn any other

10    occupants that the premises may be subject to searches pursuant    15:12:56

11    the to this condition.

12         The Court adopts the facts as set forth in the

13    presentence report in support of the guideline calculations and

14    the reasons for sentence except as I have found otherwise in

15    this proceeding.                                                   15:13:11

16         The Court finds the sentence to be reasonable in light

17    of the facts and the statutory purposes of sentencing and to be

18    sufficient but not greater than necessary to serve the

19    statutory purposes of sentencing.

20         The probation officer reminded me that my uninformed         15:13:23

21    concern was -- may have been well placed that the term of

22    supervised release cannot be concurrent because the supervised

23    release from the South Carolina case will have been -- that

24    time will have run while he's still in prison for this

25    sentence.                                                          15:14:10

1      So I am thinking if he doesn't start serving the

2  sentence until he is released, well, it may depend on -- well,

3  there must be a way, because maybe he doesn't begin serving his

4  South Carolina supervised release until he is released from the

5  custody of the Bureau of Prisons which will be after.          15:14:34

6          THE PROBATION OFFICER:  I guess it could be.

7          THE COURT:  Let me ask counsel.  I think perhaps the

8  way I said it is good enough that they are concurrent, unless

9  either counsel thinks otherwise.

10          MR. KUNKLE:  Your Honor, I was under the impression,    15:14:46

11  and I think the law is, they run concurrent while you are on

12  supervised release.

13          THE COURT:  Right.

14          MR. KUNKLE:  So South Carolina term would be held in

15  abeyance until he is released from prison on this case.        15:14:55

16          THE COURT:  Right.

17      Now, the Court finds the sentence to be reasonable in

18  light of the facts and the statutory purposes of sentencing and

19  to be sufficient but not greater than necessary to serve the

20  statutory purposes of sentencing.                             15:15:19

21      Mr. Hall, do you understand the sentence?

22          THE DEFENDANT:  Why would I understand anything in

23  light of the facts I have given you previously as the living

24  man in front of you and not in contempt of this Court or a

25  trustee for any of the defendants in these actions, et cetera,  15:15:44

1   doesn't make that offer moot.

2         THE COURT:  All right.  Well, the Court notes that the

3   defendant has refused to answer the question.  The Court also

4   notes it is completely obvious from the discussion what the

5   sentence is, that, and I repeat, the key part of it, Mr. Hall,        15:15:58

6   you have been sentenced to 96 months in prison in addition to

7   the sentence you have already received in the federal court in

8   South Carolina.

9         Now, Mr. Hall, you have a right to appeal the judgment

10  of conviction and the sentence.  If you wish to appeal, you           15:16:16

11  must file a Notice of Appeal within 14 days of today.  If you

12  request, a Notice of Appeal will be prepared for you and filed

13  for you.  If you cannot provide an attorney for yourself, an

14  attorney will be provided for you for purposes of an appeal.

15        Now, Mr. Kunkle, I want to revisit your motion to               15:16:33

16  withdraw as counsel.

17        MR. KUNKLE:  Actually, Your Honor, the best way I

18  could tell the Court, the mechanism as I understand is that

19  will be taken up in the Ninth Circuit after I file the Notice

20  of Appeal.                                                            15:16:49

21        THE COURT:  That's fine.  I had a thought, if you had

22  any concern about having to be counsel, I was ready to

23  discharge you now.  I have prepared a Notice of Appeal he can

24  sign himself.  And then he could ask the Court of Appeals to

25  assign new counsel.                                                   15:17:04

1    I am delighted if you are content to remain counsel of

2  record until filing a Notice of Appeal.  But in light of the

3  conduct of your client I'm ready to discharge you now if you

4  wish.  And I will advise him that he will need to sign this and

5  get it to us to file otherwise he will have no appeal.          15:17:22

6    MR. KUNKLE:  Your Honor, I will file a Notice of

7  Appeal on his behalf.  The Federal PD spelled it out recently

8  and there's a mechanism with the Ninth Circuit commissioner

9  where he it's all taken care of in the Ninth Circuit.  I will

10  follow through and file that Notice of Appeal.                 15:17:39

11    THE COURT:  All right.  That's fine.  Once a Notice of

12  Appeal is filed this Court lacks jurisdiction to discharge

13  counsel.

14    MS. JENNIS:  I have one.

15    THE COURT:  Yes.  Ms. Jennis.                               15:17:48

16    MS. JENNIS:  Yes, Your Honor.  When I filed a Motion

17  to Dismiss Count 5, the gun count, I neglected to also dismiss

18  the forfeiture allegation because the forfeiture allegation is

19  solely based on that count.  So my forfeiture unit asked me if

20  I could move at the time of sentencing to dismiss the          15:18:08

21  forfeiture allegation.

22    THE COURT:  It is ordered granting the motion, the

23  government's Motion to Dismiss the Forfeiture Allegations and

24  they are dismissed.

25    Counsel, is there anything else either of you would       15:18:20

1    like to bring up before we conclude?

2              MS. JENNIS:  No.  Thank you, Your Honor.

3              MR. KUNKLE:  Nothing further, Your Honor.

4              THE COURT:  All right.  And the Court commends Mr.

5    Kunkle for his services in this case.                        15:18:32

6              We'll be adjourned.

7              (Proceeding concluded at 3:18 p.m.)

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

1

2

3

4

5

6                         C E R T I F I C A T E

7

8        I, LAURIE A. ADAMS, do hereby certify that I am duly

9   appointed and qualified to act as Official Court Reporter for

10  the United States District Court for the District of Arizona.

11        I FURTHER CERTIFY that the foregoing pages constitute

12  a full, true, and accurate transcript of all of that portion of

13  the proceedings contained herein, had in the above-entitled

14  cause on the date specified therein, and that said transcript

15  was prepared under my direction and control.

16        DATED at Phoenix, Arizona, this 9th day of September,

17  2015.

18

19                              s/Laurie A. Adams

20                              _____
                                Laurie A. Adams, RMR, CRR

21

22

23

24

25

***UNITED STATES DISTRICT COURT***
**DISTRICT OF ARIZONA**

**United States of America**

**v.**

**Gordon Leroy Hall**

**JUDGMENT IN A CRIMINAL CASE**
(For Offenses Committed on or After November 1, 1987)

**No. CR 14-00184-001-PHX-NVW**

Stephen C. Kunkle (CJA)
Attorney for Defendant

USM#: 41280-054

**THERE WAS A** verdict of guilty on 1/22/2015 as to Counts 1-4 of the Indictment.

**ACCORDINGLY, THE COURT HAS ADJUDICATED THAT THE DEFENDANT IS GUILTY OF THE FOLLOWING OFFENSES:** violating Title 18, U.S.C. §§ 2 and 514(a)(1), Aid and Abet Making Fictitious Instrument, a Class B Felony offense, as charged in Counts 1 and 2 of the Indictment; Title 18, U.S.C. §§ 2 and 514(a)(2), Aid and Abet Using Fictitious Instrument, a Class B Felony offense, as charged in Counts 3 and 4 of the Indictment.

**IT IS THE JUDGMENT OF THIS COURT THAT** the defendant is hereby committed to the custody of the Bureau of Prisons for a term of **NINETY-SIX (96 ) MONTHS** on Counts 1-4, with credit for time served. This term consists of **NINETY-SIX (96) MONTHS** on Count 1, **NINETY-SIX (96) MONTHS** on Count 2, **NINETY-SIX (96) MONTHS** on Count 3, and **NINETY-SIX (96) MONTHS** on Count 4, all such terms to run concurrently. This sentence shall run consecutively with the sentence of incarceration in the U.S. District Court, District of South Carolina, case 6:13-cr-00170-JMC-1. Upon release from imprisonment, the defendant shall be placed on supervised release for a term of **FIVE (5) YEARS** on Counts 1-4. This term consists of **FIVE (5) YEARS** on Count 1, **FIVE (5) YEARS** on Count 2, **FIVE (5) YEARS** on Count 3, and **FIVE (5) YEARS** on Count 4, all such terms to run concurrently. This term of supervised release is also concurrent to the term of supervised release in U.S. District Court, District of South Carolina, case 6:13-cr-00170-JMC-1.

**IT IS ORDERED** that the forfeiture allegation(s) in the Indictment are dismissed on motion of the United States.

**CRIMINAL MONETARY PENALTIES**

The defendant shall pay to the Clerk the following total criminal monetary penalties:

**SPECIAL ASSESSMENT:** $400.00      **FINE:** waived      **RESTITUTION:** N/A

The defendant shall pay a special assessment of $400.00, which shall be due immediately.

The Court finds the defendant does not have the ability to pay a fine and orders the fine waived.

ER 1088

The defendant shall pay a total of $400.00 in criminal monetary penalties, due immediately. Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties are due as follows: Balance is due in equal monthly installments of $100.00 over a period of four months to commence 60 days after the release from imprisonment to a term of supervised release.

If incarcerated, payment of criminal monetary penalties are due during imprisonment at a rate of not less than $25 per quarter and payment shall be made through the Bureau of Prisons' Inmate Financial Responsibility Program. Criminal monetary payments shall be made to the Clerk of U.S. District Court, Attention: Finance, Suite 130, 401 West Washington Street, SPC 1, Phoenix, Arizona 85003-2118. Payments should be credited to the various monetary penalties imposed by the Court in the priority established under 18 U.S.C. § 3612(c). The total special assessment of $400.00 shall be paid pursuant to Title 18, United States Code, Section 3013 for Counts 1-4 of the Indictment.

Any unpaid balance shall become a condition of supervision and shall be paid within 90 days prior to the expiration of supervision. Until all restitutions, fines, special assessments and costs are fully paid, the defendant shall immediately notify the Clerk, U.S. District Court, of any change in name and address. The Court hereby waives the imposition of interest and penalties on any unpaid balances.

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant is placed on supervised release for a term of **FIVE (5) YEARS** on each of Counts 1-4, all such terms to run concurrently.

The defendant shall report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

It is the order of the Court that, pursuant to General Order 12-13, which incorporates the requirements of USSG §§5B1.3 and 5D1.2, you shall comply with the following conditions, of particular importance, you shall not commit another federal, state or local crime during the term of supervision and the defendant shall abstain from the use of illicit substances:

1)  You shall not commit another federal, state, or local crime during the term of supervision.
2)  You shall not leave the judicial district or other specified geographic area without the permission of the Court or probation officer.
3)  The defendant shall report to the probation officer in a manner and frequency directed by the court or probation officer.
4)  You shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer.
5)  You shall support your dependents and meet other family responsibilities.
6)  You shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons.
7)  You shall notify the probation officer at least ten days prior to any change of residence or employment.
8)  You shall refrain from excessive use of alcohol and are subject to being prohibited from the use of alcohol if ordered by the Court in a special condition of supervision.
9)  You shall not purchase, possess, use, distribute or administer any narcotic or other controlled substance as defined in section 102 of the Controlled Substances Act (21 U.S.C. § 801) or any paraphernalia related to such substances, without a prescription by a licensed medical practitioner. The use or possession of medicinal marijuana, even with a physician's written certification, is not permitted. Possession of controlled substances will result in mandatory revocation of your term of supervision.
10) You shall not frequent places where controlled substances are illegally sold, used, distributed or administered, or other places specified by the Court.

ER 1089

11) You shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer.

12) You shall permit a probation officer to visit at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer.

13) You shall immediately notify the probation officer (within forty-eight (48) hours if during a weekend or on a holiday) of being arrested or questioned by a law enforcement officer.

14) You shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the Court.

15) As directed by the probation officer, you shall notify third parties of risks that may be occasioned by your criminal record or personal history or characteristics, and shall permit the probation officer to make such notification and to confirm your compliance with such notification requirement.

16) If you have ever been convicted of a felony, you shall refrain from possessing a firearm, ammunition, destructive device, or other dangerous weapon.  If you have ever been convicted of a misdemeanor involving domestic violence, you shall refrain from possession of any firearm or ammunition.  Possession of a firearm will result in mandatory revocation of your term of supervision.  This prohibition does not apply to misdemeanor cases that did not entail domestic violence, unless a special condition is imposed by the Court.

17) Unless suspended by the Court, you shall submit to one substance abuse test within the first 15 days of supervision and thereafter at least two, but no more than two periodic substance abuse tests per year of supervision, pursuant to 18 U.S.C. §§ 3563(a)(5) and 3583(d);

18) If supervision follows a term of imprisonment, you shall report in person to the Probation Office in the district to which you are released within seventy-two (72) hours of release.

19) You shall pay any monetary penalties as ordered by the Court.  You will notify the probation officer of any material change in your economic circumstances that might affect your ability to pay restitution, fines, or special assessments.

20) If you have ever been convicted of any qualifying federal or military offense (including any federal felony) listed under 42 U.S.C. § 14135a(d)(1) or 10 U.S.C. § 1565(d), you shall cooperate in the collection of DNA as directed by the probation officer pursuant to 42 U.S.C. § 14135a(a)(2).

The following special conditions are in addition to the conditions of supervised release or supersede any related standard condition:

1. You shall submit your person, property, house, residence, vehicle, papers, computers as defined in 18 U.S.C. 1030(e)(1), other electronic communications or data storage devices or media, or office, to a search conducted by a probation officer.  Failure to submit to a search may be grounds for revocation of release.  You shall warn any other occupants that the premises may be subject to searches pursuant to this condition.

2. You shall provide all financial documentation requested by the probation office.

3. You are prohibited from making major purchases, incurring new financial obligations, or entering into any financial contracts without the prior approval of the probation officer.

4. You shall cooperate with the Internal Revenue Service and pay all tax liabilities.  You shall file timely, accurate and lawful income tax returns and provide proof to the probation officer.

**THE DEFENDANT IS ADVISED OF DEFENDANT'S RIGHT TO APPEAL BY FILING A NOTICE OF APPEAL IN WRITING WITHIN 14 DAYS OF ENTRY OF JUDGMENT.**

ER 1090

The Court may change the conditions of probation or supervised release or extend the term of supervision, if less than the authorized maximum, at any time during the period of probation or supervised release.  The Court may issue a warrant and revoke the original or any subsequent sentence for a violation occurring during the period of probation or supervised release.

The Court orders commitment to the custody of the Bureau of Prisons.

The defendant is remanded to the custody of the United States Marshal.

Date of Imposition of Sentence: **Tuesday, June 16, 2015**

DATED this 16th day of June, 2015.      _____

Neil V. Wake
United States District Judge

**RETURN**

I have executed this Judgment as follows:_____

Defendant delivered on _____ to _____ at _____, the institution designated by the Bureau of Prisons, with a certified copy of this judgment in a Criminal case.

_____          By:_____
United States Marshal                                    Deputy Marshal

ER 1091

FILED _____ LODGED
_____ RECEIVED _____ COPY

JUN 22 2015

CLERK U S DISTRICT COURT
DISTRICT OF ARIZONA
BY _____ DEPUTY

# NOTICE

## REJECTION OF OFFER FOR CAUSE
## WITHOUT DISHONOR

NOTICE TO AGENT IS NOTICE TO PRINCIPAL — NOTICE TO PRINCIPAL

IS NOTICE TO AGENT

(Applicable to all Successors and Assigns)

17 June 2015

Offeree: Gordon LeRoy

[c/o CCA, P.O. Box 6300

Florence, Arizona]

Offeror: United States of America

Lisa E. Jennis, Assistant U.S. Attorney

Two Renaissance Square, 40 N. Central #1200

Phoenix, Arizona 85004

RE: Rejection of Offer for Cause without Dishonor

regarding Case # 2:14-cr-00184 or new Offer

of June 16, 2015.

Comes now the beneficiary Gordon LeRoy

and not a defendant of the Gordon LeRoy Hall

Page 1 of 6

ER 1092

estate having returned the property in case No: 2:14-cr-00184, U.S. District Court, District of Arizona pursuant to Title 12 USC 95 a(2) to an appointed trustee of the United States to settle and close all matters with respect to the Gordon LeRoy Hall estate in case No: 2:14-cr-00184, hereinafter "Offeree."

On Tuesday June 16, 2015, 1:15 p.m. at 401 W. Washington St. Phoenix, Arizona the Offeree was presented by the United States of America through its agent Lisa E. Jennis, Assistant United States Attorney, hereinafter "Offeror," either an extension to a previous offer/claim that was assigned to a government trustee for settlement pursuant to Title 12 USC 95 a(2) or in the alternative is a new offer that is unsupported by any underlying substantive or written claim that has been served upon or delivered to the Offeree in order that the Offeree may return said Offer/property to the U.S. Treasury for remedy styled as a sentencing hearing, hereinafter "Offer."

Page 2 of 6

ER 1093

In either event the Offeree is hereby unequivocally rejecting the Offer for Cause without Dishonor being that said Offer is either un-supported in fact or not delivered to the Offeree to provide the Offeree with a remedy therefore denying the Offeree substantive due process and equal protection under the law.

The Offeree unequivocally rejects the Offer to be surety, gage, guarantor, etc. for any party for said Offer and vacate any order premised on said Offer as it applies to the Offeree or to any other party to whom the Offeree is presumed or assumed to be liable, dependant as surety, defendant, trustee, debtor, or in any other capacity making the Offeree liable for any debts or unpaid account in response to said Offer.

If the Offeror does not withdraw the Offer or vacate any order predicated upon the Offer that said Offeror hereby voluntarily, knowingly, and willingly agrees and stipulates with Offeree that the following is the full agreement between the Offeree

ER 1094

and the Offeror, hereinafter "Parties" with respect to the matter:

   1. The Offeree shall be exempt, immune, and held harmless from any liability, debtor obligation, including but not limited to fines, penalties, interest, fees, prison time, supervised release, probation, duties and obligations to give reports, tax returns, etc. to any government with respect to the Offer or orders derived therefrom.

   2. The authority for the Offeree to reduce the parties agreement in affidavit form to a declaration to be filed under penalty of perjury and affirmation as a final judgment order setting forth the above agreement in writing and filing said affidavit in the public records as a memorial to the Parties' final agreement resolving all matters between the parties herein. Said order may consist of a clause to vacate the Offer and any and all orders proceeding from the Offer as it relates to the Offeree with the exception of any orders that would discharge the Offeree and entitle the Offeree to a full

ER 1095

acquittance and discharge in the matter of the case or new offer.

    3. That there will be an order given by the Offeror to discharge and release any property or collateral that has been seized or returned as surety in the object of any previous orders in this matter forthwith.

    4. In the event the Offeror has not responded in substance to set forth a substantive claim in opposition to this "Notice Rejection of Offer for Cause without Dishonor" and the Offeror does not discharge and release the property and collateral referred in paragraph 3. above that NOTICE is hereby given that Offeror and Offeror's agent are personally liable for damages in the amount of $100,000.00 U. S. dollars in gold per day overdue and owing for each and every day that the Offeror and Offeror's agents have not issued or caused to be issued an order for discharge and/or release of the property/collateral in this matter.

    5. In the event Offeror and Offeror's agents do not response or there is a non-response other than a tacit acquiescence that the Offeror and Offeror's agents have waived any and

ER 1096

all rights to review this administrative
judgment, that this administrative judgment
will become a "final expression in/of agreement
in a record" by the Parties and the Offeror
and Offeror's agents will be deemed to have
waived any rights of continued administrative,
executive or judicial review and the matter
shall be res judicata and stare decisis.

_Gordon LeRoy_
Beneficiary Gordon LeRoy

    The undersigned parties bear witness that the
living man known to us as Gordon LeRoy appeared
before us and in our presence did execute this
instrument with his autograph.

_Frank Sanchez_        Adolfo Hernández Soto
Frank Sanchez          Adolpho Hernandez - Soto

cc: Neil V. Wake
    U.S. Attorney
    United States of America
    Clerk of Court, U.S. District Court, District of Arizona
    Warden C. Keeton, CCA

ER 1097

# CERTIFICATE OF SERVICE

It is hereby certified that on the date noted below, the undersigned mailed to:

| | | |
|---|---|---|
| Lisa E. Jennis | Neil V. Wake | U.S. Attorney |
| Assistant U.S. Attorney | 401 W. Washington St. | 401 W Washington St. |
| Two Renaissance Square | Phoenix, Arizona 85003 | Phoenix, Arizona 85003 |
| 40 N. Central Ave. Suite 1200 | | |
| Phoenix, Arizona 85004 | Warden C. Keeton | Clerk of Court, US-District Court |
| | CCA, P.O. Box 6300 | 4/0 W Washington |
| | Florence, Arizona 85132 | Phoenix, Arizona 85003 |

hereinafter "Recipients" the documents and sundry papers pertaining to either Case: 2:14-cr-00184 or new Offer as follows:

1. NOTICE REJECTION OF OFFER FOR CAUSE WITHOUT DISHONOR dated 17 June 2015 (6 leaves)
2. Copy of this Certificate of Service (1 page)

This mailing contained a total of seven (7) pages. I personally placed these mailings into a U.S. mail receptacle at CCA an official depository at CCA, P.O. Box 6300, Florence Arizona. The mailings were by postpaid envelope properly addressed to the recipients this 17th day of June 2015.

Frank Sanchez

ER 1098

STEPHEN C. KUNKLE, PLLC
Stephen C. Kunkle, Attorney at Law
5150 North 16th Street, Suite A-222
Phoenix, AZ 85020
AZ State Bar # 016239
Tel: 602.266.6900
Fax: 602.256.1121
E-mail: Kunkle@msn.com
ATTORNEY FOR DEFENDANT Gordon Hall

# UNITED STATES DISTRICT COURT

# DISTRICT OF ARIZONA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) Case No:CR14-184-PHX-NVW (MHB) |
| Plaintiff, | ) **NOTICE OF APPEAL** |
| vs. | ) |
| GORDON LEROY HALL, | ) |
| Defendant | ) |

NOTICE is hereby given that GORDON LEROY HALL, the defendant in the above captioned case, hereby appeals to the United States Court of Appeals for the Ninth Circuit from the judgment and convictions following trial and the sentences imposed in this action by the Honorable Neil V. Wake, said judgment entered of record on or about June 17, 2015 (Doc. 154).

RESPECTFULLY SUBMITTED
Dated this 22nd day of June 2015

By:     /s/Stephen C. Kunkle
        Stephen C. Kunkle
        Attorney for Defendant

ER 1099

I hereby certify that on June 22nd 2015, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF system for filing and transmittal of Notice of Electronic Filing to the following CM/ECF registrants:

The Honorable Neil V. Wake
United States District Court Judge

Clerk of Court
United State District Court

And additional copies to:

Lisa Jennis
Assistant United States Attorney
40 North Central Avenue
Phoenix, AZ 85004

ER 1100

APPEAL

# U.S. District Court
## DISTRICT OF ARIZONA (Phoenix Division)
## CRIMINAL DOCKET FOR CASE #: 2:14-cr-00184-NVW-1

Case title: USA v. Hall et al

Date Filed: 02/04/2014
Date Terminated: 06/17/2015

Assigned to: Judge Neil V Wake

Appeals court case number: 15-10322
Ninth Circuit

### Defendant (1)

**Gordon Leroy Hall**
*TERMINATED: 06/17/2015*

represented by **Daniel Lee Kaplan**
Federal Public Defenders Office
850 W Adams St
Ste 201
Phoenix, AZ 85007-2730
602-382-2767
Fax: 602-382-2700
Email: dan_kaplan@fd.org
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: Public Defender or*
*Community Defender Appointment*

**Stephen Christopher Kunkle**
Stephen C Kunkle PLLC
5150 N 16th St
Ste A222
Phoenix, AZ 85016
602-266-6900
Fax: 602-256-1121
Email: kunkle@msn.com
*TERMINATED: 07/02/2015*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: CJA Appointment*

### Pending Counts

### Disposition

Defendant is hereby committed to the
custody of the Bureau of Prisons for a
term of NINETY-SIX (96 ) MONTHS on
Counts 1-4, with credit for time served.
This term consists of NINETY-SIX (96)

ER 1101

| | |
|---|---|
| 18:514(a)(1) and 2 - Making Fictitious Instrument and Aid & Abet (1-2) | MONTHS on Count 1, NINETY-SIX (96) MONTHS on Count 2, NINETY-SIX (96) MONTHS on Count 3, and NINETY-SIX (96) MONTHS on Count 4, all such terms to run concurrently. This sentence shall run consecutively with the sentence of incarceration in the U.S. District Court, District of South Carolina, case 6:13-cr-00170-JMC-1. Upon release from imprisonment, the defendant shall be placed on supervised release for a term of FIVE (5) YEARS on Counts 1-4. This term consists of FIVE (5) YEARS on Count 1, FIVE (5) YEARS on Count 2, FIVE (5) YEARS on Count 3, and FIVE (5) YEARS on Count 4, all such terms to run concurrently. This term of supervised release is also concurrent to the term of supervised release in U.S. District Court, District of South Carolina, case 6:13-cr-00170-JMC-1. SPECIAL ASSESSMENT: $400.00 |
| 18:514(a)(2) and 2 - Using Fictitious Instrument and Aid & Abet (3-4) | Defendant is hereby committed to the custody of the Bureau of Prisons for a term of NINETY-SIX (96 ) MONTHS on Counts 1-4, with credit for time served. This term consists of NINETY-SIX (96) MONTHS on Count 1, NINETY-SIX (96) MONTHS on Count 2, NINETY-SIX (96) MONTHS on Count 3, and NINETY-SIX (96) MONTHS on Count 4, all such terms to run concurrently. This sentence shall run consecutively with the sentence of incarceration in the U.S. District Court, District of South Carolina, case 6:13-cr-00170-JMC-1. Upon release from imprisonment, the defendant shall be placed on supervised release for a term of FIVE (5) YEARS on Counts 1-4. This term consists of FIVE (5) YEARS on Count 1, FIVE (5) YEARS on Count 2, FIVE (5) YEARS on Count 3, and FIVE (5) YEARS on Count 4, all such terms to run concurrently. This term of supervised release is also concurrent to the term of supervised release in U.S. District Court, District of South Carolina, case 6:13-cr-00170-JMC-1. SPECIAL ASSESSMENT: $400.00 |

ER 1102

## Highest Offense Level (Opening)

Felony

| | |
|---|---|
| **Terminated Counts** | **Disposition** |
| 18:922(g)(1) and 924(a)(2) - Felon in Possession of a Firearm (5) | Dismissed without prejudice upon motion of the USA. |

## Highest Offense Level (Terminated)

Felony

| | |
|---|---|
| **Complaints** | **Disposition** |
| None | |

---

**Plaintiff**

**USA**                    represented by **Lisa Jennis**
                    US Attorneys Office - Phoenix, AZ
                    2 Renaissance Square
                    40 N Central Ave., Ste. 1200
                    Phoenix, AZ 85004-4408
                    602-514-7500
                    Fax: 602-514-7450
                    Email: lisa.jennis@usdoj.gov
                    *LEAD ATTORNEY*
                    *ATTORNEY TO BE NOTICED*
                    *Designation: Assistant US Attorney*

                    **Monica B Edelstein**
                    US Attorneys Office - Phoenix, AZ
                    2 Renaissance Square
                    40 N Central Ave., Ste. 1200
                    Phoenix, AZ 85004-4408
                    602-514-7500
                    Email: monica.edelstein@usdoj.gov
                    *LEAD ATTORNEY*
                    *ATTORNEY TO BE NOTICED*
                    *Designation: Assistant US Attorney*

| Date Filed | # | Docket Text |
|---|---|---|
| 02/04/2014 | 3 | INDICTMENT as to Gordon Leroy Hall (1) count(s) 1-2, 3-4, 5, Brandon Alexander Adams (2) count(s) 1-2, 3-4, Benton Tyler Thomas Hall (3) count(s) 1-2, 3-4. (Forfeiture Allegations) (MAP) (Entered: 02/06/2014) |
| 02/04/2014 | 5 | NOTICE OF NO PROBABLE JUDGE CONFLICT re: Magistrate Judge Steven P |

| | | |
|---|---|---|
| | | Logan filed by USA as to Gordon Leroy Hall, Brandon Alexander Adams, Benton Tyler Thomas Hall. (MAP) (Entered: 02/06/2014) |
| 02/10/2014 | 10 | MINUTE ORDER: Due to a clerical error, this case was incorrectly assigned to the Prescott division. This matter has been reassigned to the Phoenix division and assigned to Judge Neil V. Wake. Judge David G. Campbell is no longer assigned. All future documents should bear the correct case number: CR-14-00184-PHX-NVW (MHB) as to Gordon Leroy Hall, Brandon Alexander Adams, Benton Tyler Thomas Hall. (cc: AUSA/NVW/DGC/PTS/USMS) (MAP) (Entered: 02/10/2014) |
| 02/18/2014 | 14 | MOTION to Unseal Indictment by USA as to Gordon Leroy Hall, Brandon Alexander Adams, Benton Tyler Thomas Hall. (MAP) (Entered: 02/18/2014) |
| 04/24/2014 | 42 | ARREST Warrant Returned Executed on 4/24/2014 as to Gordon Leroy Hall. (MAP) (Entered: 06/09/2014) |
| 04/28/2014 | | Arrest of Gordon Leroy Hall in District of South Carolina. (MAP) (Entered: 04/28/2014) |
| 04/28/2014 | 30 | Rule 5(c)(3) Documents Received (District of South Carolina) as to Gordon Leroy Hall. (MAP) (Entered: 04/28/2014) |
| 05/19/2014 | 31 | MINUTE ENTRY for proceedings held before Magistrate Judge John A. Buttrick: Initial Appearance and Arraignment as to Gordon Leroy Hall held on 5/19/2014. NO FINANCIAL AFFIDAVIT TAKEN. CJA Attorney Ashley Traher standing by for possible appointment. Ms. Traher advises the Court that the defendant has indicated he does not wish to have court-appointed counsel. Discussion held. Defendant confirms on the record that he WAIVES his right to court-appointed counsel and wishes to represent himself in this matter. The Court informs the defendant that should he later decide to request court-appointed counsel, he will need to file the appropriate paperwork with the Court. The Court advises the defendant of his right to a Detention Hearing. Defendant requests to set the Detention Hearing out a week. Defendant confirms on the record that he understands that unless he retains counsel, there will NOT be a court-appointed attorney present to represent him at the Detention Hearing. Defendant to remain temporarily detained in the custody of the United States Marshal pending the Detention Hearing. The Court excuses Ms. Traher from any responsibility in this matter.<br><br>**Appearances**: AUSA Vincent Kirby appearing for AUSA Lisa Jennis for the Government, CJA Attorney Ashley Traher (only standing by for possible appointment), and pro se defendant Gordon Leroy Hall. Defendant is present and in custody. Motions due by 6/6/2014. Detention Hearing set for 5/29/2014 at 10:30 AM in Courtroom 302, 401 West Washington Street, Phoenix, AZ 85003 before Magistrate Judge Lawrence O. Anderson. Jury Trial set for 7/1/2014 at 9:00 AM in Courtroom 504, 401 West Washington Street, Phoenix, AZ 85003 before Judge Neil V. Wake. (Recorded by COURTSMART.) Hearing held 3:41 PM to 4:11 PM. This is a TEXT ENTRY ONLY. There is no PDF document associated with this entry. (MRH) (Entered: 05/20/2014) |
| 05/28/2014 | 33 | MOTION FOR A FARETTA HEARING by USA as to Gordon Leroy Hall, Benton Tyler Thomas Hall. (Attachments: # 1 Text of Proposed Order, # 2 Attachment A)(Jennis, Lisa) (Entered: 05/28/2014) |

ER 1104

| 05/28/2014 | 34 | MOTION to Continue *Detention Hearing* by USA as to Gordon Leroy Hall. (Attachments: # 1 Text of Proposed Order)(Jennis, Lisa) (Entered: 05/28/2014) |
|---|---|---|
| 05/28/2014 | 35 | ORDER Granting Government's 34 Motion to Continue Detention Hearing as to Gordon Leroy Hall (1). Detention Hearing set for 5/29/14 is reset to 6/5/2014 at 09:30 AM in Courtroom 304, 401 West Washington Street, Phoenix, AZ 85003 before Magistrate Judge Bridget S Bade. Signed by Magistrate Judge Lawrence O Anderson on 5/28/14.(SMH) (Entered: 05/28/2014) |
| 05/29/2014 | 36 | ORDER: The Court having reviewed the Government's Motion for a Faretta Hearing (Doc. 33 ) as to Gordon Leroy Hall (1) and Benton Tyler Thomas Hall (3), ORDERED granting the Motion. FURTHER ORDERED setting a Faretta hearing for 06/04/14, at 10:30 AM, in Courtroom 504, 401 West Washington Street, Phoenix, AZ 85003 before Judge Neil V. Wake. This is a TEXT ENTRY ONLY. There is no PDF document associated with this entry. (NKS) (Entered: 05/29/2014) |
| 05/29/2014 | 37 | ORDER: IT IS ORDERED resetting the Faretta Hearing as to Gordon Leroy Hall (1) and Benton Tyler Thomas Hall (3) from 06/04/14 to 06/11/14, at 3:00 PM (ONE WEEK LATER), in Courtroom 504, 401 West Washington Street, Phoenix, AZ 85003 before Judge Neil V. Wake. This is a TEXT ENTRY ONLY. There is no PDF document associated with this entry. (NKS) (Entered: 05/29/2014) |
| 05/30/2014 | 38 | Second MOTION to Continue *Detention Hearing* by USA as to Gordon Leroy Hall. (Attachments: # 1 Text of Proposed Order)(Jennis, Lisa) (Entered: 05/30/2014) |
| 06/02/2014 | 39 | ORDER granting the Government's 38 Motion to Continue as to Gordon Leroy Hall (1) and resetting the Detention Hearing from June 5, 2014 to Friday, June 13, 2014 at 09:30 AM in Courtroom 303, 401 West Washington Street, Phoenix, AZ 85003 before Magistrate Judge Michelle H Burns. Signed by Magistrate Judge Lawrence O Anderson on 05/31/14.(ESL) (Entered: 06/02/2014) |
| 06/04/2014 | 41 | ORDER granting 40 Second Unopposed Motion to Continue Trial and Extend Deadline to File Motions as to Brandon Alexander Adams (2). As to all Defendants, FURTHER ORDERED continuing the trial from 07/01/14 to 09/02/14 at 9:00 AM. Motions due by 08/08/14. See order for details. Signed by Judge Neil V. Wake on 6/4/14. (NKS) (Entered: 06/04/2014) |
| 06/10/2014 | 44 | Petition for Court to Take Mandatory Judicial Notice of Sealed Filing in Chambers by Gordon Leroy Hall. (ALS) (Entered: 06/13/2014) |
| 06/11/2014 | 43 | MINUTE ENTRY for proceedings held before Judge Neil V. Wake: Faretta Hearing as to Gordon Leroy Hall (1) and Benton Tyler Thomas Hall (3) held on 6/11/2014. The Court finds that Defendant Benton Hall knowingly and voluntarily waives his right to counsel. The Court finds that Defendant Gordon Hall has failed to demonstrate a knowing and intelligent waiver of his right to counsel. The Court orders that Defendant Gordon Hall's request to proceed without appointed counsel is denied. The Court further orders that Magistrate Judge Michelle Burns shall appoint counsel for Defendant Gordon Hall at the Detention Hearing currently set for 9:30 AM on 06/13/14. (Court Reporter Laurie Adams.) Hearing held 3:33 p.m. to 4:28 p.m. (NKS) (Entered: 06/12/2014) |

| 06/13/2014 | 45 | MINUTE ENTRY for proceedings held before Magistrate Judge Michelle H Burns: Attorney Appointment Hearing as to Gordon Leroy Hall held on 6/13/2014. FINANCIAL AFFIDAVIT TAKEN. CJA Attorney Stephen Christopher Kunkle appointed. Detention Hearing submitted with leave to reopen should there be a change in circumstances. Defendant continued detained pending trial. |
| | | **Appearances**: AUSA Lisa Jennis for the Government, CJA Attorney Stephen Kunkle for defendant. Defendant is present and in custody. (Recorded by COURTSMART.) Hearing held 9:36 AM to 9:43 AM. This is a TEXT ENTRY ONLY. There is no PDF document associated with this entry. (KAL) (Entered: 06/13/2014) |
| 06/13/2014 | 47 | ORDER OF DETENTION PENDING TRIAL as to Gordon Leroy Hall. Signed by Magistrate Judge Michelle H. Burns on 6/13/2014. (MRH) (Entered: 06/13/2014) |
| 06/16/2014 | 48 | ORDER denying Defendant Gordon Leroy Hall's (Pro Se) Petition for Court to Take Mandatory Judicial Notice of Sealed Filings in Chambers (Doc. 44 ) as moot. Signed by Judge Neil V. Wake on 6/16/14. (NKS) (Entered: 06/16/2014) |
| 08/06/2014 | 50 | ORDER as to Gordon Leroy Hall (1), Brandon Alexander Adams (2) and Benton Tyler Thomas Hall (3). Status Conference set for 08/18/14, at 2:30 PM, in Courtroom 504, 401 West Washington Street, Phoenix, AZ 85003 before Judge Neil V. Wake. Plea requests or motions to continue are due no later than 08/13/14. See order for details. Signed by Judge Neil V. Wake on 8/6/14. (NKS) (Entered: 08/06/2014) |
| 08/12/2014 | 51 | First MOTION to Continue Trial by Gordon Leroy Hall. (Attachments: # 1 Text of Proposed Order propsoed order)(Kunkle, Stephen) (Entered: 08/12/2014) |
| 08/12/2014 | 52 | Supplemental MOTION to Continue Trial by Gordon Leroy Hall. (Attachments: # 1 Text of Proposed Order)(Kunkle, Stephen) (Entered: 08/12/2014) |
| 08/13/2014 | 53 | ORDER: The Court having reviewed the Motion to Continue Trial (Doc. 51 ) and the Supplemental Motion (Doc. 52 ) as to Gordon Leroy Hall (1), Brandon Alexander Adams (2) and Benton Tyler Thomas Hall (3), ORDERED setting a motion hearing for 08/18/14, at 2:30 PM (same date/time as the Status Conference), in Courtroom 504, 401 West Washington Street, Phoenix, AZ 85003 before Judge Neil V. Wake. The parties should be prepared to discuss the setting of a FIRM trial date at this hearing. This is a TEXT ENTRY ONLY. There is no PDF document associated with this entry. (NKS) (Entered: 08/13/2014) |
| 08/18/2014 | 56 | MINUTE ENTRY for proceedings held before Judge Neil V. Wake: Status Conference as to Gordon Leroy Hall (1), Brandon Alexander Adams (2) & Benton Tyler Thomas Hall (3) held on 8/18/2014. Discussion is held. As to all the Defendants, the Court grants Defendant Gordon Hall's Motion to Continue Trial (Doc. 51 ). Separate order to follow. If this case is not resolved, the Court will likely set a FIRM trial date at the next status conference. |
| | | **Appearances**: AUSA Lisa Jennis for the Government, CJA Attorney Stephen Kunkle for Defendant Gordon Leroy Hall (1). CJA Attorney Mark Heath, II for Defendant Brandon Alexander Adams (2). Pro Se Defendant Benton Tyler |

Thomas Hall representing himself. Both Hall Defendants are present and in custody. Brandon Alexander Adams is not present and released. (Court Reporter Laurie Adams.) Hearing held 2:42 p.m. to 2:48 p.m. This is a TEXT ENTRY ONLY. There is no PDF document associated with this entry. (NKS) (Entered: 08/18/2014)

| 08/18/2014 | 57 | ORDER granting 51 Motion to Continue Trial filed as to Gordon Leroy Hall (1). As to all Defendants, FURTHER ORDERED continuing the trial from 09/02/14 to 12/02/14, at 9:00 AM. Motions due by 11/14/14. See order for details. Signed by Judge Neil V. Wake on 8/18/14. (NKS) (Entered: 08/18/2014) |
|---|---|---|
| 09/17/2014 | 59 | TRANSCRIPT REQUEST by Derrick Miller as to Gordon Leroy Hall, Brandon Alexander Adams, Benton Tyler Thomas Hall for Initial Appearance proceedings held on 05/19/2014, Judge Neil V Wake hearing judge(s). (RAP) (Entered: 09/17/2014) |
| 11/10/2014 | 60 | ORDER as to Gordon Leroy Hall (1), Brandon Alexander Adams (2) and Benton Tyler Thomas Hall (3). Status Conference set for 11/24/14, at 3:00 PM, in Courtroom 504, 401 West Washington Street, Phoenix, AZ 85003 before Judge Neil V. Wake. Plea requests or motions to continue are due no later than 11/19/14. See order for details. Signed by Judge Neil V. Wake on 11/10/14. (NKS) (Entered: 11/10/2014) |
| 11/19/2014 | 61 | Second MOTION to Continue Trial and Plea Deadline by Gordon Leroy Hall. (Attachments: # 1 Text of Proposed Order)(Kunkle, Stephen) (Entered: 11/19/2014) |
| 11/19/2014 | 62 | ORDER: The Court having reviewed the Motion to Continue Trial (Doc. 61 ) as to Gordon Leroy Hall (1), Brandon Alexander Adams (2) and Benton Tyler Thomas Hall (3), ORDERED setting a motion hearing for 11/24/14, at 3:00 PM (same date/time as the Status Conference), in Courtroom 504, 401 West Washington Street, Phoenix, AZ 85003 before Judge Neil V. Wake. The parties should be prepared to discuss the setting of a FIRM trial date at this hearing. This is a TEXT ENTRY ONLY. There is no PDF document associated with this entry. (NKS) (Entered: 11/19/2014) |
| 11/20/2014 | 63 | MOTION for Reconsideration *TO WAIVE DEFENDANT'S PRESENCE AT STATUS CONFERENCE* by Gordon Leroy Hall. (Kunkle, Stephen) (Entered: 11/20/2014) |
| 11/21/2014 | 64 | ORDER: The Court having reviewed Defendant Gordon Leroy Hall's (1) Motion to Waive Defendant's Presence at Status Conference (Doc. 63 ), with no objection from the Government, ORDERED granting the Motion. FURTHER ORDERED that Defendant Gordon Hall's presence at the Status Conference/Motion Hearing on November 24, 2014, is waived. This is a TEXT ENTRY ONLY. There is no PDF document associated with this entry. (NKS) (Entered: 11/21/2014) |
| 11/24/2014 | 65 | MINUTE ENTRY for proceedings held before Judge Neil V. Wake: Status Conference as to Gordon Leroy Hall (1), Brandon Alexander Adams (2) and Benton Tyler Thomas Hall (3) held on 11/24/2014. Discussion is held. The Court grants the Defendant's Motion to Continue Trial (Doc. 61 ) and sets a FIRM trial date. Separate order to issue. |

ER 1107

| | | |
|---|---|---|
| | | **Appearances**: AUSA Lisa Jennis for the Government, CJA Attorney Stephen Kunkle for Defendant Gordon Leroy Hall (1). CJA Attorney Mark Heath, II for Defendant Brandon Alexander Adams (2). CJA Attorney Eric Kessler (advisory counsel only) for Defendant Benton Tyler Thomas Hall (3). Pro Se Defendant Benton Tyler Thomas Hall representing himself. Defendant Gordon Leroy Hall is not present and in custody. Defendant Brandon Alexander Adams is present and released. Defendant Benton Tyler Thomas Hall is present and in custody. (Court Reporter Laurie Adams.) Hearing held 3:26 p.m. to 3:34 p.m. This is a TEXT ENTRY ONLY. There is no PDF document associated with this entry. (NKS) (Entered: 11/24/2014) |
| 11/25/2014 | 66 | ORDER granting 61 Motion to Continue Trial as to Gordon Leroy Hall (1). As to all Defendants, FURTHER ORDERED continuing the trial from 12/02/14 to 01/20/15, at 8:45 AM (FIRM TRIAL). Motions due by 12/12/14. See order for details. Signed by Judge Neil V. Wake on 11/25/14. (NKS) (Entered: 11/25/2014) |
| 12/15/2014 | 67 | ORDER as to Gordon Leroy Hall (1), Brandon Alexander Adams (2) and Benton Tyler Thomas Hall (3) affirming the trial date of 01/20/15, at 8:45 AM (FIRM TRIAL). Motions due by 12/19/14. Final Pretrial Conference set for 01/13/15, at 2:00 PM, in Courtroom 504, 401 West Washington Street, Phoenix, AZ 85003 before Judge Neil V. Wake. Court's plea deadline is 01/06/15, at 4:00 PM. See order for details. Signed by Judge Neil V. Wake on 12/15/14. (NKS) (Entered: 12/15/2014) |
| 12/18/2014 | 68 | First MOTION to Determine Competency by Gordon Leroy Hall. (Kunkle, Stephen) (Entered: 12/18/2014) |
| 12/19/2014 | 69 | NOTICE *OF CONFESSIONS, ADMISSIONS AND STATEMENTS PURSUANT TO LOCAL RULE 16.1* by USA as to Gordon Leroy Hall, Brandon Alexander Adams, Benton Tyler Thomas Hall. (Jennis, Lisa) (Entered: 12/19/2014) |
| 12/19/2014 | 70 | NOTICE *OF INTENT TO OFFER TESTIMONY BY EXPERT* by USA as to Gordon Leroy Hall, Brandon Alexander Adams, Benton Tyler Thomas Hall. (Attachments: # 1 Exhibit A)(Jennis, Lisa) (Entered: 12/19/2014) |
| 12/19/2014 | 71 | NOTICE *OF INTENT TO OFFER SELF-AUTHENTICATING DOCUMENTS AT TRIAL* by USA as to Gordon Leroy Hall, Benton Tyler Thomas Hall. (Jennis, Lisa) (Entered: 12/19/2014) |
| 12/22/2014 | 72 | ORDER: The Court having reviewed Defendant Gordon Leroy Hall's (1) Motion to Determine Competency (Doc. 68 ), ORDERED setting oral argument for 01/07/15, at 10:30 AM, in Courtroom 504, 401 West Washington Street, Phoenix, AZ 85003 before Judge Neil V. Wake. This is a TEXT ENTRY ONLY. There is no PDF document associated with this entry. (NKS) (Entered: 12/22/2014) |
| 12/23/2014 | 73 | NOTICE OF ATTORNEY APPEARANCE: Monica Edelstein appearing for USA . (Edelstein, Monica) (Entered: 12/23/2014) |
| 01/06/2015 | 74 | First MOTION to Withdraw as Attorney as to attorney Stephen C. Kunkle by Gordon Leroy Hall. (Kunkle, Stephen) (Entered: 01/06/2015) |
| 01/07/2015 | 77 | MINUTE ENTRY for proceedings held before Judge Neil V. Wake: Motion Hearing as to Gordon Leroy Hall held on 01/07/15. Brief discussion is held. The Government is excused from the courtroom. Ex parte (sealed) discussion is held |

**ER 1108**

with defense counsel and the Defendant. The Court denies the Defendant's Motion to Withdraw as Counsel (Doc. 74 ). The Government returns to the courtroom. For the reasons stated on the record, the Court finds the Defendant competent to proceed at this time (re: Doc. 68 ). The Court will extend its plea deadline from 01/06/15 to 01/13/15 (a change of plea hearing must be held by this date). Final Pretrial Conference is reset from 01/13/15 to 01/15/15, at 11:00 AM, in Courtroom 504, 401 West Washington Street, Phoenix, AZ 85003 before Judge Neil V. Wake.

**Appearances**: AUSA Lisa Jennis for the Government, CJA Attorney Stephen Kunkle for defendant. Defendant is present and in custody. (Court Reporter Laurie Adams.) Hearing held 10:35 a.m. to 11:42 a.m. (ex parte discussion held from 10:47 a.m. to 11:24 a.m.) This is a TEXT ENTRY ONLY. There is no PDF document associated with this entry. (NKS) (Entered: 01/07/2015)

| 01/09/2015 | 82 | Joint Statement of the Case by USA as to Gordon Leroy Hall. (Edelstein, Monica) (Entered: 01/09/2015) |
| 01/09/2015 | 83 | WITNESS LIST by USA as to Gordon Leroy Hall. (Edelstein, Monica) (Entered: 01/09/2015) |
| 01/09/2015 | 84 | NOTICE *OF INTENT TO OFFER TESTIMONY BY EXPERT (SUPPLEMENTAL)* by USA as to Gordon Leroy Hall, Brandon Alexander Adams, Benton Tyler Thomas Hall. (Attachments: # 1 Exhibit A)(Jennis, Lisa) (Entered: 01/09/2015) |
| 01/12/2015 | 85 | Joint Proposed Voir Dire by USA as to Gordon Leroy Hall. (Edelstein, Monica) (Entered: 01/12/2015) |
| 01/12/2015 | 86 | Joint Proposed Jury Instructions by USA as to Gordon Leroy Hall. (Edelstein, Monica) (Entered: 01/12/2015) |
| 01/14/2015 | | NOTICE OF ASSIGNMENT: The presentence investigation has been assigned to USPO Rochelle Collins as to Gordon Leroy Hall, Brandon Alexander Adams. (Collins, Rochelle) (Entered: 01/14/2015) |
| 01/15/2015 | 91 | MINUTE ENTRY for proceedings held before Judge Neil V. Wake: Final Pretrial Conference as to Gordon Leroy Hall (1) held on 01/15/15. See minutes for details. (Court Reporter Laurie Adams.) Hearing held 11:14 a.m. to 12:38 p.m. (NKS) (Entered: 01/15/2015) |
| 01/16/2015 | 92 | MOTION for Separate Trial on Counts Gordon Leroy Hall (1) Count 5 by Gordon Leroy Hall. (Kunkle, Stephen) (Entered: 01/16/2015) |
| 01/20/2015 | 93 | RESPONSE in Opposition by USA as to Gordon Leroy Hall re: 92 MOTION for Separate Trial on Counts Gordon Leroy Hall (1) Count 5 . (Edelstein, Monica) (Entered: 01/20/2015) |
| 01/20/2015 | 94 | MINUTE ENTRY for proceedings held before Judge Neil V. Wake: Jury Trial (Day One) as to Gordon Leroy Hall (1) held on 01/20/15. The Defendant's Motion to Sever Count 5 (Felon in Possession) from Counts 1-4 (Doc. 92 ) is discussed. Motion is granted. The Court will set an additional firm trial date at a later time on Count 5. See minutes for details. (Court Reporter Laurie Adams.) Hearing held 8:52 a.m. to 5:33 p.m. (NKS) (Entered: 01/20/2015) |

ER 1109

| 01/21/2015 | 95 | MOTION for Jury Instruction by Gordon Leroy Hall. (Kunkle, Stephen) Modified text on 1/22/2015 (LFIG). (Entered: 01/21/2015) |
|---|---|---|
| 01/21/2015 | 96 | Second Proposed Jury Instructions by USA as to Gordon Leroy Hall. (Edelstein, Monica) (Entered: 01/21/2015) |
| 01/21/2015 | 97 | MINUTE ENTRY for proceedings held before Judge Neil V. Wake: Jury Trial (Day Two) as to Gordon Leroy Hall held on 01/21/15. Defense counsel makes a motion for mistrial at sidebar (two separate motions). Oral motions denied. See minutes for details. (Court Reporter Liz Lemke.) Hearing held 9:06 a.m. to 5:58 p.m. (NKS) (Entered: 01/21/2015) |
| 01/21/2015 | 98 | MOTION for Jury Instruction Defense Theory by Gordon Leroy Hall. (Kunkle, Stephen) Modified text on 1/22/2015 (LFIG). (Entered: 01/21/2015) |
| 01/22/2015 | 99 | MINUTE ENTRY for proceedings held before Judge Neil V. Wake: Jury Trial (Day Three) Completed as to Gordon Leroy Hall (1) on 01/22/15. Defense counsel makes an oral motion for judgment of acquittal. Motion is denied for the reasons stated on the record. The Court suggests Tuesday, 02/17/15, as a date to try the severed count (Count 5). Counsel are directed to confer and let the deputy clerk know within a couple of days if this date will work for both parties. Gordon Leroy Hall (1) found guilty as to Count 1-4 of the Indictment. Sentencing set for 04/20/15, at 11:00 AM, in Courtroom 504, 401 West Washington Street, Phoenix, AZ 85003 before Judge Neil V. Wake. The Court directs the U.S. Probation Office to prepare a presentence report. See minutes for details. (Court Reporters Liz Lemke and Laurie Adams (for verdict only).) Hearing held 9:09 a.m. to 4:22 p.m. (NKS) (Entered: 01/22/2015) |
| 01/22/2015 | 100 | WITNESS LIST by USA as to Gordon Leroy Hall. (NKS) (Entered: 01/27/2015) |
| 01/22/2015 | 101 | EXHIBIT LIST by USA as to Gordon Leroy Hall. (NKS) (Entered: 01/27/2015) |
| 01/22/2015 | 102 | EXHIBIT LIST by Gordon Leroy Hall. (NKS) (Entered: 01/27/2015) |
| 01/22/2015 | 103 | JURY VERDICT as to Gordon Leroy Hall. (NKS) (Entered: 01/27/2015) |
| 01/22/2015 | 174 | Jury Instructions (FINAL) as to Gordon Leroy Hall. (NKS) (Entered: 09/03/2015) |
| 01/26/2015 | | NOTICE OF ASSIGNMENT: The presentence investigation has been assigned to USPO Tey'a Chappell as to Gordon Leroy Hall. (Chappell, Tey'a) (Entered: 01/26/2015) |
| 02/06/2015 | 104 | MOTION to Dismiss Counts: Count(s) Five of the Indictment without Prejudice by USA as to Gordon Leroy Hall. (Attachments: # 1 Text of Proposed Order) (Jennis, Lisa) (Entered: 02/06/2015) |
| 02/09/2015 | 105 | ORDER granting the Government's Unopposed Motion to Dismiss (Doc. 104 ) as to Gordon Leroy Hall (1). FURTHER ORDERED dismissing Count Five of the Indictment without prejudice. Signed by Judge Neil V. Wake on 2/9/15. (NKS) (Entered: 02/09/2015) |
| 04/10/2015 | 120 | ORDER that the Clerk not file the two papers submitted by Defendant Gordon Leroy Hall and that the Clerk mail the originals to Defendant's counsel of record. Signed by Judge Neil V. Wake on 4/10/15. (NKS) (Entered: 04/10/2015) |
| 04/14/2015 | 123 | First MOTION to Continue Sentencing by Gordon Leroy Hall. (Attachments: # 1 |

Text of Proposed Order Order proposed)(Kunkle, Stephen) (Entered: 04/14/2015)

| | | |
|---|---|---|
| 04/14/2015 | 124 | ORDER: The Court having reviewed the Defendant's Motion to Continue Sentencing (Doc. 123 ) as to Gordon Leroy Hall (1), with no objection from the Government, ORDERED granting the Motion. FURTHER ORDERED continuing the Sentencing Hearing from 04/20/15 to 06/15/15, at 3:30 PM, in Courtroom 504, 401 West Washington Street, Phoenix, AZ 85003 before Judge Neil V. Wake. This is a TEXT ENTRY ONLY. There is no PDF document associated with this entry. (NKS) (Entered: 04/14/2015) |
| 04/27/2015 | 126 | NOTICE re: Possible Misguided Forwarding of Documents by Gordon Leroy Hall. (3 pages) (ACL) (Entered: 04/28/2015) |
| 06/11/2015 | 140 | Second MOTION to Continue Sentencing by Gordon Leroy Hall. (Attachments: # 1 Text of Proposed Order)(Kunkle, Stephen) (Entered: 06/11/2015) |
| 06/11/2015 | 141 | ORDER denying the Defendant's Motion to Continue Sentencing (Doc. 140 ) as to Gordon Leroy Hall (1). FURTHER ORDERED that the U.S. Marshals ensure that Defendant Gordon Leroy Hall (# 41280-054) is made available to meet and confer with his attorney between 12:00-3:00 PM on Monday, 06/15/15. FURTHER ORDERED that Defendant Gordon Leroy Hall cooperate fully with his attorney in preparing for his 3:30 sentencing. Signed by Judge Neil V. Wake on 6/11/15. (cc: USMS) (NKS) (Entered: 06/11/2015) |
| 06/11/2015 | 142 | Second MOTION to Withdraw as Attorney as to attorney Stephen C. Kunkle by Gordon Leroy Hall. (Kunkle, Stephen) (Entered: 06/11/2015) |
| 06/12/2015 | 143 | ORDER: IT IS ORDERED that Defendant's Motion to Withdraw as Counsel (Doc. 142 ) as to Gordon Leroy Hall (1) will be addressed ex parte at the Sentencing Hearing on 06/15/15, at 3:30 PM, in Courtroom 504, 401 West Washington Street, Phoenix, AZ 85003 before Judge Neil V. Wake. This is a TEXT ENTRY ONLY. There is no PDF document associated with this entry. (NKS) (Entered: 06/12/2015) |
| 06/15/2015 | 146 | MINUTE ENTRY for proceedings held before Judge Neil V. Wake: Status Conference (set as Sentencing) as to Gordon Leroy Hall (1) held on 06/15/15. Due to the late hour, today's hearing is continued to 06/16/15, at 1:15 PM, in Courtroom 504, 401 West Washington Street, Phoenix, AZ 85003 before Judge Neil V. Wake. The Government's presence will not be required for the first 30 minutes (approximate) of tomorrow's hearing.<br><br>**Appearances**: AUSA Lisa Jennis and AUSA Monica Edelstein for the Government, CJA Attorney Stephen Kunkle for defendant. Defendant is present and in custody. (Court Reporter Laurie Adams.) Hearing held 4:54 p.m. to 4:57 p.m. This is a TEXT ENTRY ONLY. There is no PDF document associated with this entry. (NKS) (Entered: 06/15/2015) |
| 06/16/2015 | 150 | MINUTE ENTRY for proceedings held before Judge Neil V. Wake: Motion Hearing (Ex Parte) as to Gordon Leroy Hall (1) held on 6/16/2015. The Defendant's Motion to Withdraw as Counsel (Doc. 142 ) is discussed. For the reasons stated on the record, the Court denies the Motion.<br><br>CJA Attorney Stephen Kunkle for defendant. Defendant is present and in custody. |

**ER 1111**

| | | (Court Reporter Laurie Adams.) Hearing held 1:18 p.m. to 1:34 p.m. This is a TEXT ENTRY ONLY. There is no PDF document associated with this entry. (NKS) (Entered: 06/16/2015) |
|---|---|---|
| 06/16/2015 | 151 | MINUTE ENTRY for proceedings held before Judge Neil V. Wake: Sentencing as to Gordon Leroy Hall (1) held on 6/16/2015. Discussion is held. Sentence imposed. Judgment to issue.<br><br>**Appearances**: AUSA Lisa Jennis and AUSA Monica Edelstein for the Government, CJA Attorney Stephen Kunkle for defendant. Defendant is present and in custody. (Court Reporter Laurie Adams.) Hearing held 1:51 p.m. to 3:18 p.m. This is a TEXT ENTRY ONLY. There is no PDF document associated with this entry. (NKS) (Entered: 06/16/2015) |
| 06/17/2015 | 154 | JUDGMENT AND COMMITMENT ISSUED as to Gordon Leroy Hall (1), Count(s) 1-4, Defendant is hereby committed to the custody of the Bureau of Prisons for a term of NINETY-SIX MONTHS on Counts 1-4, with credit for time served. This term consists of NINETY-SIX MONTHS on Count 1, NINETY-SIX MONTHS on Count 2, NINETY-SIX MONTHS on Count 3, and NINETY-SIX MONTHS on Count 4, all such terms to run concurrently. This sentence shall run consecutively with the sentence of incarceration in the U.S. District Court, District of South Carolina, case 6:13-cr-00170-JMC-1. Upon release from imprisonment, the defendant shall be placed on supervised release for a term of FIVE YEARS on Counts 1-4. This term consists of FIVE YEARS on Count 1, FIVE YEARS on Count 2, FIVE YEARS on Count 3, and FIVE YEARS on Count 4, all such terms to run concurrently. This term of supervised release is also concurrent to the term of supervised release in U.S. District Court, District of South Carolina, case 6:13-cr-00170-JMC-1. SPECIAL ASSESSMENT: $400.00, Count(s) 5, Dismissed without prejudice upon motion of the USA. IT IS ORDERED that the forfeiture allegation(s) in the Indictment are dismissed on motion of the United States. Signed by Judge Neil V Wake on 6/16/15.(KGM) (Entered: 06/17/2015) |
| 06/22/2015 | 156 | *NOTICE OF APPEAL to 9th Circuit Court of Appeals as to Gordon Leroy Hall re: 154 Judgment and Commitment/of Probation Issued. (Kunkle, Stephen) *Modified to remove document relationship on 6/22/2015 (KMG). (Entered: 06/22/2015) |
| 06/22/2015 | 157 | ** STRICKEN by DOC. 158 ** NOTICE/Rejection of Offer by Gordon Leroy Hall. (7 pages) (ACL) Modified on 6/23/2015 (LMR). (Entered: 06/22/2015) |
| 06/23/2015 | 158 | ORDER as to Gordon Leroy Hall: The document titled Notice to Agent is Notice to Principal, etc. 157 filed by Defendant Gordon Leroy Hall is improper because, being represented by counsel, he may not file documents on his own, and because it is irrelevant and impertinent. Notice to Agent is Notice to Principal, etc. 157 is stricken. Signed by Judge Neil V Wake on 6/22/2015.(LMR) (Entered: 06/23/2015) |
| 06/24/2015 | 159 | USCA Case Number as to Gordon Leroy Hall re: 156 Notice of Appeal. Case number 15-10322, Ninth Circuit. (Copies sent by the Ninth Circuit.) (KMG) (Entered: 06/24/2015) |
| 07/02/2015 | 160 | ORDER of USCA as to Gordon Leroy Hall, the motion of appellant's appointed counsel, Stephen C. Kunkle to withdraw as counsel of record and to appoint new |

| | | |
|---|---|---|
| | | counsel is granted. Counsel will be appointed by separate order. The appointing authority shall send notification of the name, address, and telephone number of appointed counsel to the Clerk of this court within 14 days of locating counsel. New counsel shall designate the reporter's transcripts by August 17, 2015. The transcript is due September 16, 2015. Remaining briefing schedule reset as to 9CCA #15-10322 re: 156 Notice of Appeal. (Copies sent by the Ninth Circuit.) (KMG) (Entered: 07/02/2015) |
| 07/10/2015 | 163 | ORDER APPOINTING COUNSEL as to Gordon Leroy Hall, Daniel Lee Kaplan (FPD) appointed for Defendant, re: 15-10322. Signed by Judge Neil V Wake on 7/9/15.(REW) (Entered: 07/13/2015) |
| 08/10/2015 | 169 | TRANSCRIPT REQUEST by Gordon Leroy Hall for proceedings held on 5/19/14 - 6/16/15, Magistrate Judge Michelle H Burns, Magistrate Judge John A Buttrick, Judge Neil V Wake hearing judge(s) re: 156 Notice of Appeal. (Attachments: # 1 Supplement Page 2)(Kaplan, Daniel) (Entered: 08/10/2015) |
| 08/21/2015 | 172 | NOTICE OF FILING OF OFFICIAL TRANSCRIPT of *Initial Appearance/Arraignment* proceedings as to Gordon Leroy Hall for date of 05/19/2014 before Magistrate Judge John A. Buttrick re: 156 Notice of Appeal. (Transcriber: Candy L. Potter). The ordering party will have electronic access to the transcript immediately. All others may view the transcript at the court public terminal or it may be purchased through the Court Reporter/Transcriber by filing a Transcript Order Form on the docket before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 9/11/2015. Redacted Transcript Deadline set for 9/21/2015. Release of Transcript Restriction set for 11/19/2015. (RAP) (Entered: 08/27/2015) |
| 08/27/2015 | 173 | NOTICE OF FILING OF OFFICIAL TRANSCRIPT of *Appointment/Detention Hearing* proceedings as to Gordon Leroy Hall for date of 06/13/2014 before Magistrate Judge Michelle H. Burns re: 156 Notice of Appeal. (Transcriber: Linda Schroeder). The ordering party will have electronic access to the transcript immediately. All others may view the transcript at the court public terminal or it may be purchased through the Court Reporter/Transcriber by filing a Transcript Order Form on the docket before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 9/17/2015. Redacted Transcript Deadline set for 9/28/2015. Release of Transcript Restriction set for 11/25/2015. (RAP) (Entered: 09/03/2015) |
| 09/04/2015 | 175 | MOTION to Unseal Document by Gordon Leroy Hall. (Attachments: # 1 Text of Proposed Order)(Kaplan, Daniel) (Entered: 09/04/2015) |
| 09/04/2015 | 176 | ORDER granting the Defendant's Motion (Doc. 175 ) as to Gordon Leroy Hall (1). FURTHER ORDERED that the transcript of the Motion Hearing held before this Court in the above-captioned case on 01/07/15, be unsealed in its entirety solely for the purpose of production to counsel for Defendant Gordon Leroy Hall for use in the prosecution of his appeal and any related proceedings. Signed by Judge Neil V. Wake on 9/4/15. (NKS) (Entered: 09/04/2015) |
| 09/08/2015 | 177 | MOTION to Unseal Document by Gordon Leroy Hall. (Attachments: # 1 Text of Proposed Order)(Kaplan, Daniel) (Entered: 09/08/2015) |
| 09/08/2015 | 178 | ORDER granting the Defendant's Motion (Doc. 177 ) as to Gordon Leroy Hall |

ER 1113

| | | (1). FURTHER ORDERED that the transcript of the Trial - Day 3, held before this Court in the above-captioned case on 01/22/15, be unsealed in its entirety solely for the purpose of production to counsel for Defendant Gordon Leroy Hall for use in the prosecution of his appeal and any related proceedings. Signed by Judge Neil V. Wake on 9/8/15. (NKS) (Entered: 09/08/2015) |
|---|---|---|
| 09/09/2015 | 179 | MOTION to Unseal Document by Gordon Leroy Hall. (Attachments: # 1 Text of Proposed Order)(Kaplan, Daniel) (Entered: 09/09/2015) |
| 09/09/2015 | 180 | ORDER granting the Defendant's Motion (Doc. 179 ) as to Gordon Leroy Hall (1). FURTHER ORDERED that the transcripts of the Final Pretrial Conference held before this Court in the above-entitled matter on 01/15/15, and the Ex Parte Motion Hearing held on 06/16/15, be unsealed in its entirety solely for the purpose of production to counsel for Defendant Gordon Leroy Hall for use in the prosecution of his appeal and any related proceedings. Signed by Judge Neil V. Wake on 9/9/15. (NKS) (Entered: 09/09/2015) |
| 09/09/2015 | 181 | NOTICE OF FILING OF OFFICIAL TRANSCRIPT of *Jury Trial - Day #2 (Pages 271 through 589, inclusive.)* proceedings as to Gordon Leroy Hall for date of 01/21/2015 before Judge Neil V. Wake re: 156 Notice of Appeal. (Court Reporter: Elizabeth A. Lemke). The ordering party will have electronic access to the transcript immediately. All others may view the transcript at the court public terminal or it may be purchased through the Court Reporter/Transcriber by filing a Transcript Order Form on the docket before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 9/30/2015. Redacted Transcript Deadline set for 10/13/2015. Release of Transcript Restriction set for 12/8/2015. (RAP) (Entered: 09/15/2015) |
| 09/09/2015 | 183 | NOTICE OF FILING OF OFFICIAL TRANSCRIPT of *Faretta Hearing* proceedings as to Gordon Leroy Hall, Benton Tyler Thomas Hall for date of 06/11/2014 before Judge Neil V. Wake re: 156 Notice of Appeal. (Court Reporter: Laurie A. Adams). The ordering party will have electronic access to the transcript immediately. All others may view the transcript at the court public terminal or it may be purchased through the Court Reporter/Transcriber by filing a Transcript Order Form on the docket before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 9/30/2015. Redacted Transcript Deadline set for 10/13/2015. Release of Transcript Restriction set for 12/8/2015. (RAP) (Entered: 09/16/2015) |
| 09/09/2015 | 184 | NOTICE OF FILING OF OFFICIAL TRANSCRIPT of *Status Conference* proceedings as to Gordon Leroy Hall for date of 08/18/2014 before Judge Neil V. Wake re: 156 Notice of Appeal. (Court Reporter: Laurie A. Adams). The ordering party will have electronic access to the transcript immediately. All others may view the transcript at the court public terminal or it may be purchased through the Court Reporter/Transcriber by filing a Transcript Order Form on the docket before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 9/30/2015. Redacted Transcript Deadline set for 10/13/2015. Release of Transcript Restriction set for 12/8/2015. (RAP) (Entered: 09/16/2015) |
| 09/09/2015 | 185 | NOTICE OF FILING OF OFFICIAL TRANSCRIPT of *Status Conference* proceedings as to Gordon Leroy Hall for date of 11/24/2014 before Judge Neil V. Wake re: 156 Notice of Appeal. (Court Reporter: Laurie A. Adams). The ordering |

**ER 1114**

| | | party will have electronic access to the transcript immediately. All others may view the transcript at the court public terminal or it may be purchased through the Court Reporter/Transcriber by filing a Transcript Order Form on the docket before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 9/30/2015. Redacted Transcript Deadline set for 10/13/2015. Release of Transcript Restriction set for 12/8/2015. (RAP) (Entered: 09/16/2015) |
|---|---|---|
| 09/09/2015 | 186 | NOTICE OF FILING OF OFFICIAL TRANSCRIPT of *Motion Hearing* proceedings as to Gordon Leroy Hall for date of 01/07/2015 before Judge Neil V. Wake re: 156 Notice of Appeal. (Court Reporter: Laurie A. Adams). The ordering party will have electronic access to the transcript immediately. All others may view the transcript at the court public terminal or it may be purchased through the Court Reporter/Transcriber by filing a Transcript Order Form on the docket before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 9/30/2015. Redacted Transcript Deadline set for 10/13/2015. Release of Transcript Restriction set for 12/8/2015. (RAP) (Entered: 09/16/2015) |
| 09/09/2015 | 189 | NOTICE OF FILING OF OFFICIAL TRANSCRIPT of *Final Pretrial Conference* proceedings as to Gordon Leroy Hall for date of 01/15/2015 before Judge Neil V. Wake re: 156 Notice of Appeal. (Court Reporter: Laurie A. Adams). The ordering party will have electronic access to the transcript immediately. All others may view the transcript at the court public terminal or it may be purchased through the Court Reporter/Transcriber by filing a Transcript Order Form on the docket before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 9/30/2015. Redacted Transcript Deadline set for 10/13/2015. Release of Transcript Restriction set for 12/8/2015. (RAP) (Entered: 09/16/2015) |
| 09/09/2015 | 191 | NOTICE OF FILING OF OFFICIAL TRANSCRIPT of *Jury Trial - Day 1 (Pages 1 through 270, inclusive.)* proceedings as to Gordon Leroy Hall for date of 01/20/2015 before Judge Neil V. Wake re: 156 Notice of Appeal. (Court Reporter: Laurie A. Adams). The ordering party will have electronic access to the transcript immediately. All others may view the transcript at the court public terminal or it may be purchased through the Court Reporter/Transcriber by filing a Transcript Order Form on the docket before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 9/30/2015. Redacted Transcript Deadline set for 10/13/2015. Release of Transcript Restriction set for 12/8/2015. (RAP) (Entered: 09/16/2015) |
| 09/09/2015 | 192 | NOTICE OF FILING OF OFFICIAL TRANSCRIPT of *Jury Trial - Day 3 - Jury Verdict (Pages 765 through 771, inclusive.)* proceedings as to Gordon Leroy Hall for date of 01/22/2015 before Judge Neil V. Wake re: 156 Notice of Appeal. (Court Reporter: Laurie A. Adams). The ordering party will have electronic access to the transcript immediately. All others may view the transcript at the court public terminal or it may be purchased through the Court Reporter/Transcriber by filing a Transcript Order Form on the docket before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 9/30/2015. Redacted Transcript Deadline set for 10/13/2015. Release of Transcript Restriction set for 12/8/2015. (RAP) (Entered: 09/16/2015) |

ER 1115

| 09/09/2015 | 193 | NOTICE OF FILING OF OFFICIAL TRANSCRIPT of *Status Hearing re: Sentencing* proceedings as to Gordon Leroy Hall for date of 06/15/2015 before Judge Neil V. Wake re: 156 Notice of Appeal. (Court Reporter: Laurie A. Adams). The ordering party will have electronic access to the transcript immediately. All others may view the transcript at the court public terminal or it may be purchased through the Court Reporter/Transcriber by filing a Transcript Order Form on the docket before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 9/30/2015. Redacted Transcript Deadline set for 10/13/2015. Release of Transcript Restriction set for 12/8/2015. (RAP) (Entered: 09/16/2015) |
| 09/09/2015 | 194 | NOTICE OF FILING OF OFFICIAL TRANSCRIPT of *Sentencing* proceedings as to Gordon Leroy Hall for date of 06/16/2015 before Judge Neil V. Wake re: 156 Notice of Appeal. (Court Reporter: Laurie A. Adams). The ordering party will have electronic access to the transcript immediately. All others may view the transcript at the court public terminal or it may be purchased through the Court Reporter/Transcriber by filing a Transcript Order Form on the docket before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 9/30/2015. Redacted Transcript Deadline set for 10/13/2015. Release of Transcript Restriction set for 12/8/2015. (RAP) (Entered: 09/16/2015) |

| PACER Service Center | | |
|---|---|---|
| Transaction Receipt | | |
| 03/29/2016 10:38:18 | | |
| **PACER Login:** | fpd00100:4382439:0 | **Client Code:** | Kaplan-Hall |
| **Description:** | Docket Report | **Search Criteria:** | 2:14-cr-00184-NVW |
| **Billable Pages:** | 17 | **Cost:** | 1.70 |

ER 1116

## <u>CERTIFICATE OF FILING AND SERVICE</u>

I hereby certify that I caused the foregoing **Defendant-Appellant's Excerpts of Record, Volumes 1 through 5**, to be submitted to the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit on April 5, 2016, using the appellate CM/ECF system.  I further certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the appellate CM/ECF system.

<u>s/*Daniel L. Kaplan*</u>
DANIEL L. KAPLAN
Assistant Federal Public Defender
*Attorney for Defendant - Appellant*