# FEDERAL PUBLIC DEFENDER
District of Arizona
**850 West Adams Street, Suite 201**
**PHOENIX, ARIZONA 85007**

**JON M. SANDS**  (602) 382-2700
Federal Public Defender  **1-800-758-7053**
  (FAX) 602-382-2800

February 1, 2017

Molly Dwyer, Clerk of Court
U.S. Court of Appeals for the Ninth Circuit, 95 Seventh Street
San Francisco, CA 94103-1526
**via ecf filing**

 RE: *United States v. Hall*, No. 15-10322
  Set for Argument February 16, 2017, Courtroom 1, San Francisco, CA
  FRAP 28(j) Citation of Supplemental Authorities

Dear Ms. Dwyer:

Gordon Leroy Hall hereby responds to the government's FRAP 28(j) letter filed January 31, 2017 and provides an additional citation. The government cites *United States v. Quesada*, 2017 WL 382343 (9th Cir. 2017), wherein the Court declined to find plain error in the imposition of certain supervised release conditions. The *Quesada* memorandum is non-precedential (Circuit Rule 36-3(a)), and in any case its holding has no bearing on the challenges that Mr. Hall raises that are based on his individual circumstances. The government also cites *Quesada*'s observation that a releasee may move to modify his conditions if they become "no longer relevant as the period of supervised release approaches." The government's claim that this was "an argument asserted by the government in this case" is mistaken – the government's brief makes no such argument. Had it done so, Mr. Hall would have observed that a motion to modify is not a permissible means of asserting a "claim of illegality" (*United States v. Gross*, 307 F.3d 1043, 1043-44 (9th Cir. 2002)), and that the Seventh Circuit has explained why this approach to flawed supervised release conditions is unwise. *United States v. Kappes*, 782 F.3d 828, 853 (7th Cir. 2015). Mr. Hall also notes that the District of Arizona's November 7, 2016 General Order 16-23 adopts new "standard" supervised release conditions closely modeled on the amended version of United States Sentencing Guidelines §5D1.3(c) that went into effect on November 1, 2016. The district court's decision to adopt these revised conditions supports Mr. Hall's claim that many of the now-superseded conditions imposed in his judgment are vague and overbroad. A copy of General Order 16-23 is attached for the panel's convenience.

 Sincerely,
 s/*Daniel L. Kaplan*
 DANIEL L. KAPLAN
 Assistant Federal Public Defender

DLK:slw
Attachment

## CERTIFICATE OF FILING AND SERVICE

      I hereby certify that I caused the foregoing **FRAP 28(j) Citation of Supplemental Authorities** to be submitted to the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit on February 1, 2017, using the appellate CM/ECF system. I further certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the appellate CM/ECF system.

      s/*Daniel L. Kaplan*
      Daniel L. Kaplan
      Assistant Federal Public Defender